347 P.2d 29

**STATE of Arizona, Appellee,**

v.

**Mary Jean CURRIER, Appellant.**

No. 1142.

Supreme Court of Arizona.

Nov. 25, 1959.

W. T. Choisser, Phoenix, for appellant.

Charles C. Stidham, County Atty., and Vernon B. Croaff, Deputy County Atty., Maricopa County, Phoenix,· for appellee.

JOHNSON, Justice.

This is a certified question from the superior court. The question is this: May a person be properly charged with a felony by complaint commenced by the complaining witness upon "his information and belief?"

It appears from the records certified to this court that the defendant was charged

with the offense of lewd and lascivious acts, a felony, in two separate complaints filed in a justice court of Maricopa County. It was stipulated that the complaining witness in each case stated under oath that "it is his information and belief that the felony set forth in the complaint was committed by this defendant." There was also filed in each action a statement or affidavit as provided by Rule 1, infra, executed by the complaining witness on information and belief.

A motion to quash the complaints was denied by the justice court and the defendant was held to answer to the superior court for trial. In the superior court the defendant again moved to quash the information alleging, among other matters, that the court lacked jurisdiction because the defendant had been held to answer upon a complaint filed contrary to Rule 1 of the Rules of Criminal Procedure, 17 A.R.S. Hence, the certified question now before us.

The commencement of a criminal action brought before a magistrate in this State is governed by 17 A.R.S. Rules of Criminal Procedure, Rule 1 and Rule 2. Rule 1 provides:

"A. All criminal actions and proceedings brought before any magistrate for a public offense, triable within the county, shall be commenced by complaint, in writing, under oath, setting forth the offense charged, with such particulars of time, place, person and property as to enable the defendant to understand distinctly the character of the offense complained of.

"B. When a complaint is made to a magistrate that an offense has been committed, he shall examine on oath the complainant and any witness the complainant produces and any witness subpoenaed by the magistrate. If the county attorney so requests, the magistrate shall subpoena witnesses for examination. The magistrate may take the affidavit of any such witness and cause the affidavit to be subscribed by the person making it."

And Rule 2:

"A warrant shall be issued, except as provided by subsections A and B in Rule 11, for the arrest of the person complained against if the magistrate from the examination of the complainant and the witnesses, if any, has reasonable ground to believe that an offense was committed and that the person against whom the complaint was made committed it."

While this Court heretofore has not given an explicit ruling on the precise question certified at bar, the hard-rock foundation of our present decision was laid in Turley v. State of Arizona, 48 Ariz. 61, 59 P.2d 312, 317. From the opinion in that case, we quote:

"We are of the opinion that the rule requiring a complaint to be verified in all cases by a person who has actual knowledge of the facts set forth in the complaint is too harsh and, indeed, unreasonable at times. There are many cases where *no one witness has personal* knowledge of facts sufficient to support a conviction for a crime which has undoubtedly been committed. \* \* \* If the federal rule is to be followed, it would be impossible to file a valid complaint in such a case. Apparently the purpose of the Fourth Amendment is to prevent a man from being harassed by frivolous or malicious charges. Section 4929, Revised Code of 1928,[1] provides all the *protection which a defendant needs against charges of that nature.* \* \* \* It will be seen thereby that when the complaint is laid before the magistrate, if he has any reason to believe that the person who signed it \* \* \* is acting merely on unwarranted suspicions, he has the right, before issuing the warrant, to examine not only the complainant but as many witnesses as he may see fit, and until he is satisfied, not only from the complaint but from the testimony under oath of all of the witnesses whom he desires to call, that there is reasonable ground to believe that the accused has committed the crime charged, he is not required to issue the warrant. We are of the opinion that the practice which has, to our knowledge been followed so long in our courts of permitting either the county attorney, the sheriff, or any other proper officer of the county to file a criminal complaint in order to initiate a prosecution for a crime which they have good reason to believe has been committed, is logical, reasonable, and consistent with the Constitution of Arizona \* \* \*." (Emphasis supplied.)

We approved the "basic philosophy" of the Turley case in State v. Colvin, 81 Ariz. 388, 307 P.2d 98.

We have found remarkably few cases from other jurisdictions bearing on the instant problem, under statutes reasonably similar to ours. Perhaps the most notable of these is an old but untarnished case from Utah, United States v. Eldredge, 5 Utah 161, 13 P. 673, 675, 676; Eldredge v. U. S., 145 U.S. 636, 12 S.Ct. 980, 36 L.Ed. 857, containing an extended discussion of the problem, set forth as follows:

"In affidavits generally for the arrest of alleged criminals, it is not necessary that they should show a *prima facie* case, but need only set forth facts tending to establish the commission of the offense and the guilt of the defendant, so that 'the magistrate is satisfied there-

1. Now, A.R.S. Rules of Criminal Procedure, Rule 1 and Rule 2.

from that the offense complained of has been committed, and that there is reasonable ground to believe that the defendant has committed it.' * * * After the arrest, and after the examination of the case then, if there is a *prima facie* case made out against the defendant, the magistrate must hold him to answer to an indictment.

"If it were necessary that the affidavit for arrest should be upon knowledge, and not upon information and belief, the criminal laws generally, in this section of country, would be a dead letter, and especially would this be the case in regard to offenses * * where the witnesses are almost exclusively *unwilling*, and hostile to the enforcement of the law * * *.

"At the examination, the information or complaint or depositions taken before the issuance of the warrant do not become the basis of the magistrate's action in holding the accused to answer in the district court, but he proceeds to an examination of the witnesses, and then, in pursuance of (the Utah Statute) if it appears from the *examination* that a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof, he must order him to be held to answer to the same. The evidence on the examination need not go beyond enough to show a probable cause. * * * The holding of the defendant to answer to an indictment in the district court is based upon the facts proven at the examination, and not upon the information, complaint, or depositions taken before the issuance of the warrant * * *."

We note the particular applicability of this language to our Rule 2 that "A warrant shall be issued * * * if the magistrate from the *examination* of the complainant and the witnesses, if any, has reasonable ground to believe that an offense was committed and that the person against whom the complaint was made committed it."

We note with approval the decision in State v. Morris, 98 N.H. 517, 103 A.2d 913, 914, wherein the court said that the practice of permitting one to make a complaint without personal knowledge of the facts but upon reasonable belief had been established in the State of New Hampshire for many years. "It has long been 'the general policy of the law that any person who has probable cause for believing that another has committed a crime shall be at liberty to make complaint against the offender.' * * * A vital purpose of a complaint is to acquaint a defendant with the charges against him so he may prepare for trial. * * * This purpose may be as well accomplished under the present practice as by insisting that the complainant have personal knowledge of the facts of the

alleged offense." See also, Commonwealth v. Strantz, 137 Pa.Super. 472, 9 A.2d 197.

■ We fully concur in the view of the Colorado Supreme Court in the case of Montgomery Ward & Co. v. Pherson, 129 Colo. 502, 272 P.2d 643, 646, that:

"It is for the best interests of society that those who offend against the laws of the state shall be promptly punished, and that any citizen who has reasonable grounds to believe that the law has been violated shall have the right to cause the arrest of the person whom he honestly and in good faith believes to be the offender."

Lastly, we may draw support, surprisingly enough, from federal decisions touching upon this question. The familiar rule is that a complaint before a federal magistrate should be based upon the personal knowledge of the complainant, and that if the case be otherwise, and the complaint is unsupported by other proof, the magistrate will have no jurisdiction to issue a warrant of arrest. United States v. Walker, 2 Cir., 197 F.2d 287. If the complaint, however, purportedly is based on the actual knowledge of the complainant, the magistrate need not question the complainant as to the sources of his information. De Hardit v. United States, 4 Cir., 224 F.2d 673. *It is when a complaint is made upon information and belief* that a duty devolves upon the magistrate to inquire as to the sources of the complainant's information and the grounds of his belief. De Hardit v. United States, supra. The purpose of this inquiry is to enable the magistrate to determine in his own mind whether probable cause exists that an offense has been committed and thereby avoid the issuance of process and the arrest of an accused upon the mere suspicion of an irresponsible person. De Hardit v. United States, supra. "The purpose of the complaint * * * is to enable the appropriate magistrate * * * to determine whether the 'probable cause' required to support a warrant exists. The Commissioner must judge for himself the persuasiveness of the facts relied on by a complaining officer to show probable cause. He should not accept without question the complainant's mere conclusion that the person whose arrest is sought has committed a crime." Giordenello v. United States, 357 U.S. 480, 486, 78 S.Ct. 1245, 1250, 2 L.Ed.2d 1503.

■ Whatever procedural differences may exist, we do share with the federal system an area of basic agreement that the examining magistrate must be furnished sufficient proof to satisfy him that there exists probable cause that a crime was committed and of the accused's perpetration of it, in order that the accused may be protected from being "harassed by frivolous or

**400**

malicious charges." [48 Ariz. 61, 59 P.2d 317.] In the same sense that federal courts will recognize a complaint filed upon information and belief if there is sufficient proof supporting it, we do so if sufficient proof is produced in connection therewith to satisfy the examining magistrate of the existence of probable cause.

It is our considered opinion that A.R.S. Rules of Criminal Procedure, Rules 1 and 2, as implemented by decisions of this Court, satisfy both the right of society to a speedy apprehension of criminals, and the right of an accused person to be free from arrest save upon a showing of probable cause. To the extent that decisions in other jurisdictions conflict with our ruling in this matter, we regard them as distinguishable under our statutes, or in any event, not controlling.

■ We therefore hold, under the authority of the Turley case, that a complaint charging a felony in this jurisdiction may be based upon information and belief, deeming the statutory scheme embodied in Rules 1 and 2 of the Rules of Criminal Procedure a sufficient preventive to safeguard the defendant from being "harassed by frivolous or malicious charges."

The question presented is answered in the affirmative.

PHELPS, C. J., and STRUCKMEYER, UDALL and BERNSTEIN, JJ., concur.