429 P.2d 495

**Hugo A. ERDMAN, Jr., Petitioner,**

v.

**The SUPERIOR COURT OF MARICOPA COUNTY, Arizona, the Honorable Fred J. Hyder, Presiding Judge, and the Honorable Yale McFate, Respondents.**

**City of Phoenix, a municipal corporation, Real Party In Interest.**

**No. I CA–CIV 549.**

Court of Appeals of Arizona.

June 21, 1967.

Rehearing Denied Aug. 2, 1967.

Opinion Vacated Nov. 24, 1967.

See 102 Ariz. 524, 433 P.2d 972.

**4**

Max M. Klass, Phoenix, for petitioner.

Robert J. Backstein, City Atty., by Alan K. Polley, City Prosecutor, for real party in interest.

CAMERON, Chief Judge.

This is a petition for a writ of prohibition asking this Court to prohibit the Superior Court of Maricopa County from proceeding with the trial of one Hugo A. Erdman, Jr., the petitioner herein. We issued an alternative writ of prohibition, and after submission of memoranda by the parties hereto we have decided that the alternative writ must be made permanent.

The facts necessary for a determination of this matter are as follows. On 23 September 1965 the petitioner was taken into custody by an officer of the City of Phoenix Police Department for conduct committed in the presence of said police officer. Defendant was arrested, "booked" in the City Jail and subsequently released on. bail. On the following day a complaint was filed with E. K. Mangum, Magistrate of the City Court of the City of Phoenix, by Sgt. W. Kirsop, the Police Department's liaison officer. The complaint in part stated as follows (omitting some formal parts):

"SEPTEMBER 24, 1965, SGT. W. KIRSOP of said city of PHOENIX who being first duly sworn, complains and says: That one defendant HUGO ALBERT ERUMANN (sic) JR., on or about the SEPTEMBER 23, 1965 at said CITY OF PHOENIX, County and State aforesaid, has committed a misdemeanor as follows; to-wit: That he, the said HUGO ALBERT ERUMANN (sic) JR. on or about the 23rd day of SEPTEMBER, 1965, in a public place in the City of Phoenix, to wit: CORONADO PARK, did wilfully and unlawfully commit grossly indecent act which outrages decency and is injurious to or tends to corrupt morals, in violation of Chapter 27, Section 37, of the Code of the City of Phoenix, 1962.

"All of which is contrary to the form of the Ordinance in such case made and provided, and against the peace and dignity of the CITY OF PHOENIX and the said STATE OF ARIZONA.

/s/ Sgt. W. Kirsop

"Subscribed and sworn to before me this SEPTEMBER 24, 1965.

/s/ E. K. Mangum"

It is admitted that Sgt. Kirsop did not have personal knowledge of the offense, but based the complaint upon information and belief. The names of two witnesses were listed on the face of the complaint. Trial was held in the City Court of the City of Phoenix after several continuances. The defendant was found guilty and he appealed to the Superior Court of the State of Arizona. In the Superior Court the defendant raised the issue of the sufficiency of the complaint by way of a motion to dismiss. Following the Opinion and Order of the court denying petitioner's motion to dismiss, petitioner applied to this Court for a writ of prohibition. After an informal hearing we issued an Alternative Writ of Prohibition directing the trial court to desist and refrain from further proceedings until further order of this Court and directed that the parties file in this Court supplemental memoranda of authority for our consideration. Prohibition is available to prevent the trial court from acting in excess of its

jurisdiction where there is no plain, speedy and adequate remedy available. Caruso v. Superior Court, 100 Ariz. 167, 412 P.2d 463 (1966).

We are called upon to determine whether the complaint is sufficient to confer jurisdiction upon the Magistrate's Court of the City of Phoenix and the Superior Court. A.R.S. § 22–421, relating to commencing an action in a Police Court for violation of a city ordinance, is similar to A.R.S. § 22–311 concerning commencement of action in Justice Courts, and Division Two of our Court has stated:

"We note that the language of the statutes is mandatory—an action 'shall be commenced by complaint.' The jurisdiction of the justice court is invoked by the filing of a complaint which conforms to the statutory requirements. In order to render a valid judgment and sentence in a criminal prosecution, the court must have jurisdiction both of the offense and of the defendant's person. (citation omitted) Jurisdiction of a court to try and punish an individual accused of crime cannot be acquired by the court's mere assertion of jurisdiction, but must be invoked or acquired in the mode prescribed by law. If not so invoked, any judgment is a nullity. (citations omitted)." Peterson v. Jacobson, 2 Ariz. App. 593, 595, 411 P.2d 31 (1966).

Our Supreme Court has stated:

"Lastly, we may draw support, surprisingly enough, from federal decisions touching upon this question. The familiar rule is that a complaint before a federal magistrate should be based upon the personal knowledge of the complainant, and that if the case be otherwise, and the complaint is unsupported by other proof, the magistrate will have no jurisdiction to issue a warrant of arrest. United States v. Walker, 2 Cir., 197 F.2d 287. If the complaint, however, purportedly is based on the actual knowledge of the complainant, the magistrate need not question the complainant as to the sources of his information. De Hardit v. United States, 4 Cir., 224 F.2d 673. *It is when a complaint is made upon information and belief* that a duty devolves upon the magistrate to inquire as to the sources of the complainant's information and the grounds of his belief. De Hardit v. United States, supra. The purpose of this inquiry is to enable the magistrate to determine in his own mind whether probable cause exists that an offense has been committed and thereby avoid the issuance of process and the arrest of an accused upon the mere suspicion of an irresponsible person. De Hardit v. United States, supra. 'The purpose of the complaint * * * is to enable the appropriate magistrate * * * to determine whether the "probable cause" required to support a warrant exists. The Commissioner must judge for himself the persuasiveness of the facts relied on by a complaining officer to show probable cause. He should not accept without question the complainant's mere conclusion that the person whose arrest is sought has committed a crime.' Giordenello v. United States, 357 U.S. 480, 486, 78 S.Ct. 1245, 1250, 2 L.Ed.2d 1503." State v. Currier, 86 Ariz. 394, 399, 347 P.2d (1959).

Although this Court has stated that A.R.S. § 13–1418 does not require that the arresting officer be the only person who can swear out a complaint in a criminal case, State v. Valenzuela, 3 Ariz.App. 278, 413 P.2d 788 (1966), and that as here the Police Department's liaison officer may sign the complaint based upon information and belief, nevertheless, when this is done the person so signing and swearing under oath must clearly show that said oath is made upon information and belief. The Rules of Criminal Procedure state:

"All criminal actions and proceedings brought before any magistrate * * *, shall be commenced by complaint, in writing, under oath, * * * *." Rule 1 (A), Rules of Criminal Procedure, 17 A.R.S.

**6**

And it is noted that in State v. Currier, supra, the oath read as follows:

"'* * * it is his information and belief that the felony set forth in the complaint was committed by this defendant.'" State v. Currier, 86 Ariz. 394, 396, 347 P.2d 29, 30.

█ The complaint in the instant case was signed by an officer who admittedly had no personal knowledge of the facts; yet there is nothing in the oath to call to the attention of the magistrate the fact that the matters stated and sworn to are stated upon information and belief and not upon personal knowledge. Matters sworn to under oath are presumed to be stated on the basis of personal knowledge unless the statement or oath clearly indicates otherwise. Under these circumstances it was incumbent upon the police liaison officer to point out on the face of the paper that the facts set forth were sworn to upon information and belief. This informs the City Magistrate that he must make inquiry as to the sufficiency of the matters stated therein to support the commencement of a criminal action against the defendant. Rules 1 and 2, Rules of Criminal Procedure, 17 A.R.S. This alerts the magistrate as to his duties under the statutes and rules that he must make some inquiry to determine the existence of probable cause in order that the accused may be protected from being "harassed by frivolous or malicious charges". State v. Currier, supra. We do not by this holding rule that a complaint may not be sworn to upon information and belief. Indeed, the law is clear in Arizona and in the federal courts that this may be done, State v. Currier, supra, but it must clearly indicate to the committing magistrate that said complaint is sworn to upon information and belief in order that the committing magistrate may make such further inquiry as will be necessary to satisfy himself that there is probable cause. We do not in this case discuss the nature and extent of the inquiry, only that it is required.

The alternative writ of prohibition heretofore issued is made permanent.

DONOFRIO, J. and JACK G. MARKS, Judge of Superior Court, concur.

NOTE: Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter Judge JACK G. MARKS was called to sit in his stead and participate in the determination of this decision.