433 P.2d 972

Hugo A. ERDMAN, Jr., Petitioner,

v.

The SUPERIOR COURT OF MARICOPA COUNTY, Arizona, the Honorable Fred J. Hyder, Presiding Judge, and the Honorable Yale McFate, Respondents,

City of Phoenix, a municipal corporation, Real Party in Interest.

No. 9076–PR.

Supreme Court of Arizona.

In Banc.

Nov. 24, 1967.

Rehearing Denied Dec. 19, 1967.

Max M. Klass, Phoenix, for petitioner.

Robert J. Backstein, City Atty., by, Alan K. Polley, Asst. City Atty., Phoenix, for respondents and real party in interest.

McFARLAND, Vice Chief Justice.

Petitioner-defendant, Hugo Erdman, Jr., hereinafter designated defendant, was, on the 23rd day of September 1965, arrested without a warrant, and taken into custody by a police officer of the City of Phoenix, and immediately booked in the city jail for acts committed in the presence of the officer. On the following day a complaint was filed before a city magistrate by a desk sergeant who was the Police Department's liaison officer. While the complaint was not signed by the arresting officer his name was endorsed thereon. On October 20, 1965, defendant entered a plea of "not guilty" to the charge, at which time he made no objection to jurisdiction of the court to proceed against him on the complaint. He was tried and found guilty, and appealed to the Superior Court. The court had many trial settings which were vacated, and, finally, on October 26, 1966, defendant filed a written motion to dismiss on the ground that the court had acquired no jurisdiction because of non-compliance with Criminal Rule 1, and A.R.S. § 13–1418. This motion to dismiss was denied by the Superior Court on January 10, 1967. Thereafter, defendant filed with the Court of Appeals, Division One, a petition for writ of prohibition requesting that the Su-

perior Court of Maricopa County be prohibited from proceeding with the trial against him. The writ of prohibition as prayed for was issued by the Court of Appeals on June 21, 1967, 6 Ariz.App. 3, 429 P.2d 495. The City of Phoenix filed a petition for review of the decision of the court of appeals, which was granted by this court. The question involved is whether the procedure followed conferred jurisdiction on the magistrate.

It is admitted that the arrest was made without a warrant, and that the officer signing the complaint did not have actual knowledge of the facts stated therein. It is the contention of defendant that under these circumstances it was the duty of the magistrate to have examined the officer in regard to the facts set forth in the complaint, and that "his failure to do so vitiates" the proceeding under Criminal Rule 1, 17 A.R.S., and A.R.S. § 13–1418.[1] This court, in Turley v. State, 48 Ariz. 61, 59 P.2d 312, passed upon the question of the necessity of a complaint's being signed by a person having actual knowledge of the facts. In this decision we said:

"The objections which defendant raised to the complaint and commitment, which were admittedly regular upon their face, is that the complaint upon which the warrant of arrest was issued, and upon which the preliminary hearing and the commitment were based, was signed by a person who acted merely on information and belief and who had no actual knowledge of

1. "Rule 1. Commencement of action by complaint; duty of magistrate

"A. All criminal actions and proceedings brought before any magistrate for a public offense, triable within the county, shall be commenced by complaint, in writing, under oath, setting forth the offense charged, with such particulars of time, place, person and property as to enable the defendant to understand distinctly the character of the offense complained of.

"B. When a complaint is made to a magistrate that an offense has been committed, he shall examine on oath the complainant and any witness the complainant produces and any witness subpoenaed by the magistrate. If the coun-

ty attorney so requests, the magistrate shall subpoena witnesses for examination. The magistrate may take the affidavit of any such witness and cause the affidavit to be subscribed by the person making it."

"§ 13–1418. Duty of officer after arrest without warrant

"An officer who has arrested a person without a warrant shall without unnecessary delay take the person arrested before the nearest or most accessible magistrate in the county in which the arrest occurs, and shall make before the magistrate a complaint, which shall set forth the facts showing the offense for which the person was arrested."

the facts which would sustain the complaint. It is urged that under the Fourth and Fifth Amendments to the Constitution of the United States, before a warrant of arrest is issued, a complaint must be made, and such complaint must be signed and verified by someone who has personal knowledge of the facts set forth therein, and not by one who merely acts on information and belief, and that the failure to observe this rule not only violates these amendments, but denies a defendant the equal protection of the laws granted by section 1 of the Fourteenth Amendment to the Constitution of the United States, and also violates section 4 of article 2 of the Bill of Rights contained in the Constitution of Arizona. The complaint which was signed by the sheriff of Apache county and duly verified, reads as follows:

\* \* \* \* \* \*

"It will be observed that this complaint is definite and specific in its allegations of the essential elements of the crime of assault with intent to commit murder, and nowhere upon its face does there appear even a suggestion that its signer did not know personally the facts which he swore to be true. \* \* \*

\* \* \* \* \* \*

"\* \* \* We are of the opinion that the rule requiring a complaint to be verified in all cases by a person who has actual knowledge of the facts set forth in the complaint is too harsh and, indeed, unreasonable at times. There are many cases where no one witness has personal knowledge of facts sufficient to support a conviction for a crime which has undoubtedly been committed. The evidence which proves conclusively the commission of a certain crime by a particular defendant may frequently be entirely circumstantial in its nature, and composed of the testimony of many different witnesses. \* \* \*

\* \* \* \* \* \*

"\* \* \* It will be seen thereby that when the complaint is laid before the magistrate, if he has any reason to believe that the person who signed it, notwithstanding his positive allegations, is acting merely on unwarranted suspicions, he has the right, before issuing the warrant, to examine not only the complainant but as many witnesses as he may see fit, and until he is satisfied, not only from the complaint but from the testimony under oath of all of the witnesses whom he desires to call, that there is reasonable ground to believe that the accused has committed the crime charged, he is not required to issue the warrant. We are of the opinion that the practice which has, to our knowledge been followed so long in our courts of permitting either the county attorney, the sheriff, or any other proper officer of the county to file a criminal complaint in order to initiate a prosecution for a crime which they have good reason to believe has been committed, is logical, reasonable, and consistent with the Constitution of Arizona. We therefore hold that these objections are without merit." 48 Ariz. at 67, et seq., 59 P.2d at 315, et seq.

In State v. Currier, 86 Ariz. 394, 347 P.2d 29, we stated:

"We approved the 'basic philosophy' of the Turley case in State v. Colvin, 81 Ariz. 388, 307 P.2d 98.

\* \* \* \* \* \*

"\* \* \* If the complaint, however, purportedly is based on the actual knowledge of the complainant, the magistrate need not question the complainant as to the sources of his information. De Hardit v. United States, 4 Cir., 224 F.2d 673. *It is when a complaint is made upon information and belief* that a duty devolves upon the magistrate to inquire as to the sources of the complainant's information and the grounds of his belief. De Hardit v. United States, supra. The purpose of this inquiry is to enable the magistrate to determine in his own mind whether probable cause exists that an offense has been committed and thereby avoid the issuance of process and the

arrest of an accused upon the mere suspicion of an irresponsible person. De Hardit v. United States, supra. 'The purpose of the complaint * * * is to enable the appropriate magistrate * * * to determine whether the "probable cause" required to support a warrant exists. The Commissioner must judge for himself the persuasiveness of the facts relied on by a complainant officer to show probable cause. He should not accept without question the complainant's mere conclusion that the person whose arrest is sought has committed a crime.' Giordenello v. United States, 357 U.S. 480, 486, 78 S.Ct. 1245, 1250, 2 L.Ed.2d 1503." 86 Ariz. at 397, 399, 347 P.2d at 31, 33.

 The complaint in the instant case was sworn to and signed by Sergeant William Kirsop before City Magistrate E. K. Mangum. William Nickles and William Stull were listed as witnesses. The complaint, omitting the formal parts, charged that the defendant:

"* * * [O]n or about the 23rd day of SEPTEMBER, 1965, in a public place in the City of Phoenix, to wit: CORONADO PARK, did wilfully and unlawfully commit [a] grossly indecent act which outrages decency and is injurious to or tends to corrupt morals, in violation of Chapter 27, Section 37, of the Code of the City of Phoenix, 1962."

It will be noted that the complaint is purportedly based upon actual knowledge of the complainant and therefore under the rule as set forth in State v. Currier, supra, the magistrate was not required to question the complainant as to the source of his information. It is understandable why an officer on duty when defendant was brought in was willing to sign such a complaint. He had every reason to believe that defendant would not have been arrested without a warrant unless an act had been committed in the presence of the officer. The object of a complaint is to inform a defendant in language definite and

specific of the essential elements of the crime for which he is charged. Turley v. State, supra. The complaint in the instant case met these requirements. The general rule is stated in 22 C.J.S. Criminal Law, § 309 p. 804, as follows:

"Where a complaint states positively and unconditionally that the facts related therein are within the personal knowledge of complainant, it is sufficient although complainant has, in fact, no first hand knowledge, particularly where the statute does not require first hand knowledge of the person making the complaint; and it is incompetent for accused on arraignment to impeach the complaint by showing a lack of knowledge on the part of complainant witness." 22 C.J.S. at p. 804.

Other jurisdictions have held that a complaint is sufficient if it is positive and in language that shows a probable cause, even though signed by an affiant where it is later shown the complainant did not have actual knowledge of the information set forth therein. In the case of Vahlberg v. State, 96 Okl.Cr. 102, 249 P.2d 736, cert. denied 345 U.S. 961, 73 S.Ct. 936, 97 L.Ed. 1381 the Supreme Court of Oklahoma dealt with this contention that a complainant who verified the complaint had no personal knowledge of the facts and the complaint was therefore a nullity, with the following language:

"This is not the first case in which the question thus raised has been presented before this court. In discussing this proposition it should be borne in mind that the verification here involved is in positive terms and is not on information and belief. In the early case of Moss v. State, 4 Okl.Cr. 247, 111 P. 950, 952, the information was verified in positive form by the affidavit of the enforcement officer in the office of the county attorney. A motion to quash the information was filed on the ground that the person who verified the information had no personal knowledge of the facts charged, which raised the identical

question here presented. Judge D. A. Richardson, one of the most able men who ever sat on this court, wrote a lengthy opinion discussing this proposition wherein he stated:

\* \* \* \* \* \*

"'\* \* \* But, where the *information is verified in positive terms as true, it constitutes a showing of probable cause, even though it may subsequently develop that the affiant had no personal knowledge of the facts alleged. Such verification makes a prima facie showing, which is all that is required; and on a motion to quash no issue can be made as to the knowledge or want of knowledge of the person who verified the information.* \* \* \* *The sufficiency of the verification must be determined from what is stated therein, and not from evidence aliunde.*' (Italics ours.)" 249 P.2d at 747

In People v. Maggiora, 207 Cal.App.2d Supp. 908, 24 Cal.Rptr. 630, the California court said:

"However, assuming, without deciding, that the arresting officer was wrong in not signing or filing a complaint, it does not follow that the complaint should be dismissed. The section is not a constitutional requirement nor is it substantive, but only statutory and procedural. There has been no showing of prejudice. The same legislative body that created the requirement may, and has, stated the consequences of failing to follow it. Sec. 960 P.C. provides that 'no accusatory pleading is insufficient' because of a defect in form absent 'prejudice'. The Legislature has also told appellate courts in sec. 1258 P.C. that we must disregard 'technical errors or defects'. The principle announced in People v. Washington (1962) 204 A.C.A. 234, 22 Cal.Rptr. 185, applies here. At p. 237 of 204 A.C.A., at p. 187 of 22 Cal.Rptr. the court said: 'Moreover, failure to impose sentence within the time specified by section 1191 of the Penal Code is clearly an error of procedure and under California Constitu-

tion Article VI, section 4½, the judgment may not be reversed unless the error complained of has resulted in a miscarriage of justice. (People v. Zuvela, 191 Cal. 223, 215 P. 907; People v. Williams, 24 Cal.2d 848, 151 P.2d 244.)'" 24 Cal.Rptr. at 631.

Article VI of our Constitution, A.R.S. provides:

"§ 22. Pleadings and proceedings in criminal causes; reversal of causes for technical error

"Section 22. The pleadings and proceedings in criminal causes in the courts shall be as provided by law. No cause shall be reversed for technical error in pleading or proceedings when upon the whole case it shall appear that substantial justice has been done." 1 A.R.S., Ariz. Const.

A.R.S. § 13–1598 states:

"§ 13–1598. Harmless error

"Neither a departure from the form or mode prescribed in respect to any pleadings or proceedings, nor an error or mistake therein, shall render the pleading or proceeding invalid, unless it actually has prejudiced, or tended to prejudice, the defendant in respect to a substantial right." 5 A.R.S. § 13–1598

Rule 145, subd. A, Rules of Criminal Procedure, 17 A.R.S., sets out that no information shall be invalid because of any defect or omission of any matter of form only.

There is nothing in the record to show that the original defendant was in any way prejudiced by the complaint purporting to show that it was drafted on the personal knowledge of its signator, instead of on "knowledge and belief" of the signator, and rather than having been signed by the arresting officer. Neither the magistrate nor the desk sergeant were called to determine what examination was given the sergeant by the magistrate, or to determine whatever else the magistrate might have done to satisfy himself judicially that probable

cause existed for the issuance of the complaint.

 Any person who has reasonable grounds for believing that another has committed a crime may make complaint against the offender. Reasonable grounds may be based wholly on actual knowledge of the facts or partly upon actual knowledge and partly or wholly upon information and belief. For example, it might be on official arrest reports, or it might be made solely from information obtained by one or more investigating officers. 17 A.R.S., Rules Crim.Proc., Rules 1 and 2; State v. Currier, supra; Turley v. State, supra.

 Many arrests are at night and at times when a magistrate is not immediately available. In like manner when the magistrate is available the arresting officer is off duty. By making the arrest and "booking" the offender the officer has set in motion the machinery for filing the complaint. His attendance and testimony will be necessary at trial in order to sustain the state's case; but the mere fact that he does not personally file or sign the official complaint on the magistrate's docket book does not in and of itself create any prejudice against the accused.

 When a complainant appears before a magistrate the latter must satisfy himself that probable cause exists. As we have previously held, when a complaint is purportedly based on actual knowledge the magistrate need not question the complainant as to the source of his knowledge. State v. Currier, supra. We do not have a constitutional, statutory, or Supreme Court Rule which requires that when an affidavit or complaint is not wholly or partly within the personal knowledge of affiant he must state the extent to which it was made upon information and belief. However, where a complaint is signed by a complainant, including an officer, as in the instant case, if the magistrate has reason to believe that it is based on other than actual knowledge he must satisfy himself, from an examination of the complaining witness and such other witnesses as he may deem necessary,

that probable cause exists. 17 A.R.S., Rules Crim.Proc., Rule 1, supra; State v. Turley, supra.

We hold in the instant case that the Maricopa County Court properly denied the motion to dismiss the complaint. The decision of the Court of Appeals is vacated, and the petition for prohibition denied.

BERNSTEIN, C. J., and STRUCKMEYER, UDALL, and LOCKWOOD, JJ., concur.