441 P.2d 573

**STATE of Arizona, Appellee,**

v.

**Patrick Thurman SANDERS, Appellant.**

**No. I CA–CR 138.**

Court of Appeals of Arizona.

June 6, 1968.

Rehearing Denied June 28, 1968.

Review Denied Sept. 17, 1968.

Darrell F. Smith, Atty. Gen., by T. M. Pierce, Asst. Atty. Gen., for appellee.

Frank E. Dickey, Jr., Phoenix, for appellant.

CAMERON, Chief Judge:

From a jury verdict and judgment of guilt to five counts of grand theft by false pretenses (§§ 13–661, 13–663, subsec. A, A.R.S.) and from a sentence of not less than one nor more than five years in the State Prison, each count to be served concurrently (§ 13–671 A.R.S.), the defendant appeals.

The facts necessary for a determination of this matter are as follows. During February, March, and April of 1966 defendant Sanders approached 5 different hay growers or brokers in Maricopa County, Arizona, and arranged for the purchase of various amounts of hay. Sometimes the seller would deliver, sometimes the defendant would arrange to pick up the hay himself. The least amount of hay purchased from any one person was 30 tons. The testimony indicated the value of the hay in excess of $25.00 per ton and in some cases as high as $38.00 per ton depending upon the quality and on who made the delivery.

The method in each case was similar: the defendant would inform the sellers that

he wished to purchase the hay for his cattle feeding operation, and that as soon as the total amount of hay was delivered he, Sanders, would have a check or bank draft for the full amount of the hay purchased. The testimony of Mr. Arthur Rovey is typical:

"Q  How did he say he was going to square up with you?

"A  He said he had two bank drafts, one for each of us.

"Q  Where were the bank drafts?

"A  He said he had them in his office.

"Q  Did he say when he would have them for you?

"A  He said he would get them at his office at 10:00 o'clock the next morning and have them to us by 11:00 o'clock.

    *     *     *     *     *     *

"Q  When he was telling you about the two bank drafts he had in his office, did he tell you from what banks the drafts came?

"A  Yes, the Valley Bank."

No payments were made for the hay except the amount of $100.00 which was paid to Mr. Rovey after defendant's arrest. As a result, two criminal complaints were filed alleging grand theft by false pretenses. One complaint contained two counts and the other complaint contained three counts. Preliminary hearings were held and thereafter two informations were filed in the Superior Court. A motion for directed verdict as to Count 1 of one of the informations was granted, and the defendant was found guilty by the jury and adjudged guilty by the court of one count of one information and of three counts of the other information. Defendant timely made a motion for new trial and brings this appeal raising some 18 different questions which he asks that we consider.

Defendant first contends that where the transcript of the Justice Court fails to show that the complaining witness, who filed the complaint based on information and belief, was examined by the court, that the court does not have jurisdiction to proceed with the complaint.

The complaint filed in the Tolleson Precinct was signed by Dan A. Golding. The testimony at the trial indicates that Dan Golding was a Deputy Sheriff at the time. The complaint in the Northwest Phoenix Precinct charging the defendant with three counts of grand theft was signed and sworn to by Gordon Libby also a member of the Maricopa County Sheriff's Office.

███  Defendant cites the case of Erdman v. Superior Court, 6 Ariz.App. 3, 429 P.2d 495 (1967), for the proposition that where the complaint is signed by one who does not have actual knowledge, there is a duty upon the magistrate to examine complainant as to the source of his information. This opinion was vacated by the Supreme Court of Arizona which held that the failure of the magistrate to examine the complainant as to the source of his information did not vitiate subsequent criminal proceedings in absence of a showing of prejudice to the defendant. Erdman v. Superior Court, 102 Ariz. 524, 433 P.2d 972 (1967). We find no prejudice.

███  Defendant next claims that the complaint filed in the Tolleson Precinct was defective since it did not allege that the false representations were knowingly and designingly made. The complaint stated as follows:

"PAT SANDERS is accused by this complaint of the crime of GRAND THEFT (FALSE PRETENSES) a felony, committed as follows, to wit; that within TOLLESON Precinct, County of Maricopa, State of Arizona, on or about the 13th day of April, 1966, said PAT SANDERS stole by false pretenses from LEO TOLMACHOFF 80 tons of hay valued in excess of $100.00 all in violation of A.R.S. § 13–661(A) (3) (b); and § 13–663, as amended in 1963."

We believe that under Rule 115 of the Rules of Criminal Procedure, 17 A.R.S., an analytical description of the elements of the crime is not required, and if the complaint

**540**

adequately describes what act is alleged as criminal, and adequately identifies the parties and the time and place of the act, the complaint is sufficient. State v. Kelly, 5 Ariz.App. 280, 425 P.2d 850 (1967).

 Defendant next contends that probable cause was not established by the evidence in the two Justice Court hearings. Defendant, before pleading to the information, moved to quash or in the alternative to dismiss, and requested a hearing on the question of probable cause. State v. Cuzick, 5 Ariz.App. 498, 428 P.2d 443 (1967); State ex rel. Corbin v. Superior Court, 100 Ariz. 104, 412 P.2d 45 (1966). The motion was denied in the Superior Court, and after reading the Reporter's Transcript of the preliminary hearing we believe the trial court was correct in its decision. Rules 32, 33, Rules of Criminal Procedure, 17 A.R.S.

Defendant next contends that he was prejudiced by the denial of his request for a bill of particulars. The function of the bill of particulars is to supply the accused with information necessary to prepare a defense. Rule 116, Rules of Criminal Procedure, 17 A.R.S. The granting or denial of a bill of particulars, especially after a preliminary hearing, is within the sound discretion of the courts. State v. Colvin, 81 Ariz. 388, 307 P.2d 98 (1957); State v. Gortarez, 98 Ariz. 160, 402 P.2d 992 (1967). Examination of the preliminary hearing shows that the appellant was aware of what the State would attempt to prove and we do not believe that the defendant has been prejudiced in this matter.

Counsel for defendant raised some 14 other questions for our consideration and while strenuously urged, counsel has not presented authority which convinces this Court of the numerous errors of which they complain. We feel the facts amply support the decision of the trial court and the verdict of the jury. See State v. Barton, 97 Ariz. 224, 399 P.2d 169 (1965); Maseeh v. State of Arizona, 46 Ariz. 94, 47 P.2d 423 (1935); People v. Ashley, 42 Cal.2d 246, 267 P.2d 271 (1954). Any error, if any error there be, was not such that the verdict would have been different had it not been committed. State v. Ybarra, 97 Ariz. 200, 398 P.2d 905 (1965); State v. Brown, 97 Ariz. 310, 400 P.2d 111 (1965).

Judgment affirmed.

DONOFRIO and STEVENS, JJ., concur.