489 P.2d 697

**STATE of Arizona, Appellee,**

v.

**Lawrence David LYNCH, Appellant.**

**No. 1929.**

Supreme Court of Arizona,
In Banc.

Oct. 6, 1971.

———◆———

Gary K. Nelson, Atty. Gen., Phoenix, for appellee.

Lawrence David Lynch, in pro. per.

UDALL, Justice.

Defendant, Lawrence David Lynch, is before this Court for a review of the record as a whole and specifically a denial of his Petition for a Writ of Habeas Corpus by the Superior Court of Arizona in and for the County of Gila. From this denial at the arraignment, defendant pled guilty to the crime of wilfully, unlawfully and feloniously molesting a child, Bonnie, his eleven year-old daughter in violation of § 13–653 of the Arizona Revised Statutes. Defendant was sentenced to not less than five years nor more than seven years in the Arizona State Prison.

For the reasons advanced below, we affirm the lower court's denial of defendant's Petition for a Writ of Habeas Corpus and the sentence imposed on defendant's plea of guilty.

Defendant raises two questions in his Petition for a Writ of Habeas Corpus which this Court will review. First, de-

fendant contends that the preliminary examination violated defendant's constitutional rights to a fair and impartial hearing, due to the fact that the presiding Justice of the Peace was not a member of the State Bar of Arizona nor any other similar Bar Association. Two recent cases in this state have ended all controversy on this point. In Nicol v. Superior Court, Maricopa County, 106 Ariz. 208, 473 P.2d 455 (1970), this Court held that the provisions of § 11–402 A.R.S.,[1] which set forth the qualifications necessary for a person to be eligible for a county office, were applicable to Justices of the Peace as well as the enumerated officers listed in § 11–401.[2] Nowhere in § 11–401 does it state that a necessary prerequisite to attaining that office is membership in this state's or any other state's Bar Association. Furthermore, in Crouch v. Justice of Peace Court, Sixth Precinct, 7 Ariz.App. 460, 440 P.2d 1000 (1968), the Court of Appeals specifically held that a Justice of the Peace is not required to be an attorney.

Second, defendant contends that the preliminary hearing was in violation of Art. 2, section 30 of the Arizona Constitution, A.R.S. and provisions of the federal constitution guaranteeing a fair and impartial hearing in that the Justice of the Peace interviewed the victims of this crime, Bonnie and Betty, prior to said hearing to the extent that he became fully apprised of the nature and extent of these witnesses' testimony and that this rendered him biased and prejudiced against the defendant.

On this point also, we find no error to have been committed. The complaint in this case was filed by a third party adult with no personal knowledge of the crime. In State v. Currier, 86 Ariz. 394, 347 P.2d 29 (1959) we held such complaints to be proper. But when a complaint is made upon information and belief, there arises a duty upon the magistrate or Justice of the Peace to make further inquiry into the source of the complainant's information and the grounds of his belief. The purpose of this investigation is to protect the accused from frivolous and malicious charges. The magistrate should not accept the complainant's mere conclusion. From this the magistrate will subsequently be able to determine in his own mind whether probable cause exists to support a warrant. State v. Currier, supra; Erdman v. Superior Court of Maricopa County, 102 Ariz. 524, 433 P.2d 972 (1967). Thus it is proper and, in fact, to the accused's benefit that such a preliminary investigation be held to determine the basis, if any, of a complaint issued on information and belief.

Furthermore, defendant failed to substantiate his charge of bias. There is nothing in the record to show and defendant alleges nothing in this Petition for Habeas Corpus to indicate that such a predisposition existed.

In reviewing this case on the entire record, as we have been called upon to do, we further note that at the arraignment defendant entered a plea of "Not Guilty" and subsequently changed it to "Guilty".

---

1. "§ 11–402, Qualifications. A person shall not be eligible for a county office, whether elective or appointive, nor shall a certificate of election or commission issue to any person, unless he is, at the time of his election or appointment, twenty-one years of age, or over, a resident of the state, an elector of the county or precinct in which the duties of the office are to be exercised and able to read and write the English language. The board of supervisors shall be the sole judge of such qualifications, subject to review by certiorari in the superior court."

2. "§ 11–401. Enumeration of officers

A. The officers of the county are:

1. Sheriff
2. Recorder
3. Treasurer
4. School superintendent
5. County attorney
6. Assessor
7. Supervisors
8. Clerk of the board of supervisors
9. Tax collector
10. Clerk of the superior court

B. The county treasurer shall be ex officio tax collector."

In return, Information No. 3869–A was changed, dropping two charges of Incest and Rape against his daughter Bonnie, and Information No. 3870–A containing the same three charges against his daughter Betty was dismissed. The record in pages 11 through 13 clearly demonstrates that this change of plea was voluntary:

"BY THE COURT:

Q I understand you desire to enter a plea to the charge of child molestation. Is that correct?

A Yes, Your Honor. (The defendant)

\*    \*    \*    \*    \*    \*

Q And you understand that by entering a plea of 'Guilty' to the charge you waive any consideration by a jury. You understand that?

A Yes.

Q And you understand that the penalty provided by statute is not less than one year, nor more than life? You understand there is a possibility you can get up to a life sentence?

A Yes.

Q Are you entering a plea voluntarily?

A Voluntarily.

\*    \*    \*    \*    \*    \*

Q And I understand there has been no promises and no threats in any way concerned in this matter?

A None that I know of."

And on page 26, the defendant's attorney asked:

"Q Are you willing to assume the responsibility for your behavior with Bonnie as shown in the information that you plead guilty to? Do you understand what the consequences may be upon your plea of guilty?

A Yes."

Thus, we believe that the defendant was accorded his full constitutional rights.

For the reasons advanced in this opinion we affirm the denial of defendant's Petition for a Writ of Habeas Corpus and his sentence of five to seven years on his plea of guilty to the crime charged.

STRUCKMEYER, C. J., HAYS, V. C. J., and LOCKWOOD and CAMERON, JJ., concur.