**739 P.2d 1341**

**David C. KUHN, Plaintiff/Appellee,**

**v.**

**The Honorable Ralph G. SMITH, Jr., Phoenix Municipal Judge, City Court of Phoenix, City Prosecutor of Phoenix; STATE of Arizona, Real Party in Interest, Defendants/Appellants.**

**No. 2 CA–CV 87–0024.**

Court of Appeals of Arizona, Division 2, Department A.

June 16, 1987.

James T. Bialac, Phoenix, for plaintiff/appellee.

Roderick G. McDougall, City Attorney by Sharon K. Haynes, Phoenix, for defendants/appellants.

HATHAWAY, Chief Judge.

On May 9, 1984, appellee was arrested and cited for violations of A.R.S. §§ 28–692(A) (driving under the influence of intoxicating liquor), 28–692(B) (driving with a blood alcohol content of .10% or higher) and Phoenix City Code, § 36–69 (squealing tires). All charges were dismissed without prejudice on April 18, 1985. The City of Phoenix refiled the A.R.S. § 28–692 charges on April 25, 1985, alleging that appellee had previously been convicted of A.R.S. § 28–692(A).

Appellee moved to dismiss, alleging that the court lacked jurisdiction because the complaints were improperly filed. Upon denial of the motion, appellee filed a complaint for special action in the Maricopa County Superior Court. Appellee contended that the magistrate who issued the complaints did not comply with Rule 2.4, Rules of Criminal Procedure, 17 A.R.S., in that he did not have reasonable cause to believe that the offenses had been committed and that appellee had committed them. The superior court agreed and held that "the magistrate did not have jurisdiction to issue the complaint, and the Plaintiff was thereby prejudiced." The superior court's dismissal of the complaint is the subject of this appeal.

Appellants argue that the dismissal was erroneous because (1) Rule 2.4 was complied with and, (2) even if Rule 2.4 was not complied with, there was no showing of consequent prejudice to the appellee. We affirm.

Rule 2.4 provides that:

The magistrate before whom a complaint ... is filed, shall subpoena for examination such witnesses as he deems necessary, and such additional witnesses as may be requested by the prosecutor. If he determines from the complaint, any

affidavits filed, and any testimony taken, that there is reasonable cause to believe an offense has been committed and the defendant committed it, the magistrate shall proceed under Rule 3.1; if not, he shall dismiss the complaint.

The purpose of Rule 2.4 is to ascertain whether probable cause exists to believe that the accused committed a public offense. *Flagler v. Derickson,* 134 Ariz. 229, 655 P.2d 349 (1982).

Robert J. Etzkorn, Assistant City Prosecutor, swore to the complaints at issue upon information and belief.[1] At the motion to dismiss proceedings, Mr. Etzkorn testified that, although he had signed both counts of the complaint, he did not specifically remember signing or swearing to the complaint.[2] He also testified that he had a habit of reading the police reports before swearing to a complaint. The magistrate who issued the refiled complaints testified that he did not remember the events surrounding the swearing out of the complaints and that he had no habit regarding refiled complaints. He generally looks at the date of the violation. Sometimes he asks the prosecutor why the case is being refiled.

Appellants allege Rule 2.4 was complied with because a complaint may be sworn to upon information and belief, and does not necessarily have to be verified by a person with actual knowledge. This point of law is well settled in Arizona. See *State v. Currier,* 86 Ariz. 394, 347 P.2d 29 (1959). However, when a complaint is made upon information and belief, "a duty devolves upon the magistrate to inquire as to the sources of the complainant's information and the grounds of his belief.... [The magistrate] should not accept without question the complainant's mere conclusion that the person whose arrest is sought has committed a crime." *Erdman v. Superior Court,* 102 Ariz. 524, 526–27, 433 P.2d 972, 974–75 (1967). The question thus becomes one of whether the magistrate fulfilled his duty to inquire beyond Mr. Etzkorn's swearing upon information and belief.

■ Although, as a reviewing court, we prefer that proof of the magistrate's compliance with Rule 2.4's due process requirements be apparent on the face of the record, such documentation is unfortunately not mandatory. See *State v. Weigel,* 228 Kan. 194, 612 P.2d 636 (1980); *State v. Knox,* 4 Kan.App.2d 87, 603 P.2d 199 (1979); cf. *Guey v. State,* 20 Ariz. 363, 181 P. 175 (1919) (no requirement that an information specifically allege that a preliminary examination was held or that criminal defendant waived such examination); but cf. *People v. Sumstine,* 36 Cal.3d 909, 206 Cal.Rptr. 707, 687 P.2d 904 (1984) (record must show on its face that a defendant was made aware of and waived certain constitutional rights in entering his or her guilty plea). Absent evidence to the contrary, we assume that the magistrate performed his legal duty. *U.S. v. Weldon,* 422 F.2d 800 (9th Cir.1969), cert den. 398 U.S. 941, 90 S.Ct. 1855, 26 L.Ed.2d 275 (1970); *State v. Lubetkin,* 78 Ariz. 91, 276 P.2d 520 (1954).

■ Appellants point out that no transcript of the Phoenix City Court proceedings on the motion to dismiss were provided to the superior court judge in the special action proceedings. Appellants contend [citing *State v. Superior Court,* 2 Ariz. App. 466, 409 P.2d 750 (1966) ] that it was an abuse of discretion for the superior court judge to make her findings in the absence of such a transcript; rather, appel-

---

1. Respectively, the complaints alleged that on May 9, 1984:

  (1) From 5300 West Coronado to 5347 West Almeria, Phoenix, Maricopa County, Arizona, the [appellee] did drive or was in actual physical control of a motor vehicle while under the influence of intoxicating liquor, a Class 1 misdemeanor, in violation of Section 28–692A, Arizona Revised Statutes, as amended;

  (2) From 5300 West Coronado to 5347 West Almeria, Phoenix, Maricopa County, Arizona, the [appellee] did drive or was in actual physical control of a motor vehicle while there was a 0.10 per cent or more by weight of alcohol in his blood, a Class 1 misdemeanor, in violation of Section 28–692B, Arizona Revised Statutes, as amended.

In both complaints, the state alleged, "that on January 8, 1983, the defendant was charged with a previous violation of Section 28–692A, Arizona Revised Statutes, and was convicted on March 7, 1983."

2. We do not have the record of the motion to dismiss proceedings before us. The undisputed facts are taken from the instruments of the record on appeal and from appellants' briefs.

lants argue, she should have presumed that the lower court acted properly. We do not agree. The superior court judge did have all the necessary documents before her in addition to the attorneys' sworn statements outlining what transpired at the city court hearing on the motion to dismiss. The relevant facts are not in dispute. The Rules of Procedure for Special Actions permit the court to order either party to file any part of the record the court deems necessary. Rule 4(d), 17A A.R.S. We see no purpose in requiring parties to bear the cost of producing a hearing transcript for review upon special action when the pertinent facts are not disputed and when no one argues that the testimony below would support the court's actions.

In addition to the above discussed evidence, the superior court had before it the parties' stipulation as to what two other Phoenix City Court judges do when presented with a complaint filed pursuant to Rule 2.4. One:

1. Swears in the complaintant. [sic]
2. Examines the face of the complaint.
3. Asks the complaintant [sic] for a statement of facts in support of the complaint.
4. If the complaintant [sic] gives facts sufficient to establish reasonable cause, initials the complaint where it states that the complaint is made upon the "information and belief" of complaintant, [sic] and signs the complaint.
5. If the complaintant [sic] fails to provide sufficient facts necessary to establish reasonable cause, reads the police departmental report and initials the departmental report number listed on the complaint. If the police report provides reasonable cause pursuant to Rule 2.4, signs the complaint.
6. If the complaintant [sic] or the police reports do not establish reasonable cause, [he] will not, and has refused in the past to, issue the complaint.

The other:

1. Swears in the complaintant. [sic]
2. Examines the face of the complaint.
3. Asks the complaintant [sic] for a statement of facts in support of the complaint.

4. If finds reasonable cause pursuant to Rule 2.4, signs the complaint.
5. If the complaintant [sic] or the police report do not establish reasonable cause, [he] will not, and has refused in the past to, issue the complaint.

Based upon the undisputed evidence, we agree with the superior court that the city court judge abused his discretion by denying the motion to dismiss. Appellee produced evidence to dispel the presumption of regularity. At least two other city court judges have routines they follow every time they examine a complaint pursuant to Rule 2.4. The signing judge here admitted to no such routine. It is essential "that the magistrate perform his 'neutral and detached' function and not serve merely as a rubber stamp for the police." *Aguilar v. State of Texas*, 378 U.S. 108, 111, 84 S.Ct. 1509, 1512, 12 L.Ed.2d 723, 727 (1964).

As for appellants' argument that even if Rule 2.4 was not complied with, we should reinstate the complaint because the rule is merely procedural and appellee did not show he was prejudiced, we agree with the superior court that when a complaint is filed without a showing of probable cause, we assume prejudice. Rule 2.4 is not merely procedural. It embodies the due process protections of the Fourth Amendment. *Currier*, supra; see also *Giordenello v. United States*, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958). Appellee was held to answer to criminal charges without due process of law and was thereby prejudiced.

Appellee has requested attorneys' fees pursuant to Rule 25, Rules of Civil Appellate Procedure, 17A A.R.S. We do not agree with his contention that the state's appeal is frivolous. Therefore, we deny his request.

Affirmed.

HOWARD, P.J., and FERNANDEZ, J., concur.