NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

PLU REH, et al., *Plaintiffs/Appellants*,

*v.*

GILBERT HENRY HEIKKINEN, et al., *Defendants/Appellees*.

No. 1 CA-CV 17-0233
FILED 5-15-2018

Appeal from the Superior Court in Maricopa County
No. CV2014-013543
The Honorable Jo Lynn Gentry, Judge

**AFFIRMED**

COUNSEL

Torgersen Law Firm, PLLC, Phoenix
By Bethany Torgersen
*Co-Counsel for Plaintiffs/Appellants*

Ahwatukee Legal Office, P.C., Phoenix
By David L. Abney
*Co-Counsel for Plaintiffs/Appellants*

Hill, Hall & DeCiancio, PLC, Phoenix
By Joel DeCiancio, Christopher Robbins
*Counsel for Defendant/Appellee Heikkinen*

Gardner Law Firm, PLC, Mesa
By Trevor H. Gardner
*Counsel for Defendant/Appellee Williamson*

---

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

---

**W I N T H R O P**, Presiding Judge:

¶1            Plu Reh and Kyae Meh (collectively, "Plaintiffs") appeal from the superior court's order dismissing their complaint for lack of prosecution. *See* Ariz. R. Civ. P. ("Rule") 41(b).[1] For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2            In October 2012, Plaintiffs' 12-year-old daughter was struck by two vehicles while walking her bicycle in a marked crosswalk near the intersection of Indian School Road and 20th Avenue in Phoenix. She died two days later.

¶3            Two years after their daughter's death, Plaintiffs filed a wrongful death action against Gilbert Heikkinen and Kenneth Williamson, the drivers involved in the accident (collectively, "Defendants").[2] Heikkinen answered in March 2015; Williamson answered in June 2015. The parties conferred regarding the joint report and proposed scheduling order, which Plaintiffs filed in September 2015. *See* Rule 16(b). The following month, the superior court entered its scheduling order setting deadlines for the parties' initial disclosures, expert and non-expert

---

[1]      The Arizona Rules of Procedure were revised effective January 1, 2017 to reflect comprehensive stylistic and substantive changes. To be consistent with the record below and briefing on appeal, we cite the former rules.

[2]      Plaintiffs also sued the Heikkinen Josephs Trust (the "Trust"), alleging claims based on respondeat superior and the family purpose doctrine. The Trust moved to dismiss for failure to state a claim. Plaintiffs did not respond, and the superior court dismissed these claims with prejudice.

disclosures, supplemental disclosures, discovery, and dispositive motions, and required the parties to complete discovery by September 30, 2016.[3]

¶4          In February and August 2016, Williamson and Heikkinen, respectfully, served Plaintiffs with written discovery requests, which included: uniform and nonuniform interrogatories, requests for production of documents, and requests for admissions.  Plaintiffs did not respond to either Defendant's requests.

¶5          Defendants moved, in late October and early November 2016, to dismiss under Rule 41(b) for failure to prosecute based on Plaintiffs' failure to timely (1) respond to written discovery or serve any discovery of their own and/or (2) provide a Rule 26.1 initial disclosure statement. Following oral argument, the superior court granted the motions.

¶6          Plaintiffs moved to reconsider, arguing they had diligently prosecuted their case, and Defendants would not be prejudiced by proceeding on the merits.  The superior court denied the motion, but amended its prior ruling, specifically noting Plaintiffs' failure to respond to Defendants' written discovery requests and holding that "[d]espite the [Scheduling] Order, Plaintiffs never produced an initial or supplemental disclosure statement.  Plaintiffs did not notice any depositions, disclose damages or retain experts and all deadlines to do so have passed.  Due to Plaintiffs failure to prosecute this matter, the Court is dismissing this case with prejudice."

¶7          Plaintiffs timely appealed following entry of a final judgment. *See* Rule 54(c).  We have jurisdiction pursuant to Arizona Revised Statutes section 12-2101(A)(1).

**ANALYSIS**

¶8          Plaintiffs argue that the superior court erred by dismissing their complaint because they did not abandon it.  The law favors resolution of a case on its merits. *Daou v. Harris*, 139 Ariz. 353, 359 (1984).  However, a plaintiff has a duty to pursue his case diligently and ensure it is brought to trial within a reasonable time. *Price v. Sunfield*, 57 Ariz. 142, 148-49 (1941). If a plaintiff fails to prosecute, "a defendant may move to dismiss the action or any claim against it."  Rule 41(b); *see also Cooper v. Odom*, 6 Ariz. App.

---

[3]          The superior court defined "complete discovery" as including the "conclusion of all depositions and submission of full and final responses to written discovery."

466, 469 (1967). In addition, Maricopa County Local Rule 3.6(a)(3) states that a "civil action shall be dismissed for failure to prosecute upon written motion and notice to opposing counsel, at the discretion of the court" based on "appropriate reasons."

¶9 Dismissal for failure to prosecute "operates as an adjudication on the merits[,]" Rule 41(b), which this court reviews for an abuse of discretion, *Slaughter v. Maricopa County*, 227 Ariz. 323, 326, ¶ 14 (App. 2011). "An abuse of discretion occurs when there is no evidence to support a holding or the court commits an error of law when reaching a discretionary decision." *Dowling v. Stapley*, 221 Ariz. 251, 266, ¶ 45 (App. 2009); *see also Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 455-56 (1982). Finally, in assessing whether a plaintiff's prosecution of an action is adequate, the superior court considers the activities of both parties, the information provided to the court regarding the status of the case, and other factors that might explain or excuse lack of diligence in prosecuting the case. *Jepson v. New*, 164 Ariz. 265, 276 (1990).

¶10 Here, the record supports the superior court's dismissal of Plaintiffs' complaint for failure to prosecute, as they "essentially left [the court] no choice." Plaintiffs failed to timely submit a single disclosure statement under the court's scheduling order. They also failed to timely respond to any written discovery requests. Plaintiffs' counsel argued these failures were justified by the linguistic and cultural difficulties communicating with her clients.[4] This argument is not persuasive. Plaintiffs inexplicably submitted no less than eight sets of discovery answers and their initial Rule 26.1 disclosure statement on November 1, 2016–one day after Heikkinen filed his motion to dismiss and the day of Williamson's motion. This indicates that the communication barriers were not so severe that they were unable to meet the established deadlines.

¶11 Even so, at the hearing on the motions to dismiss, Plaintiffs' counsel admitted she allowed the deadlines to pass without requesting any extensions. Further, there was "regular" and "extensive" communication among counsel during the fall of 2015 through the spring of 2016 about expert disclosure deadlines and attempting to schedule Plaintiffs' depositions. But none of these communications mentioned any difficulty Plaintiffs' counsel may have been experiencing in meeting the impending

---

[4]    Plaintiffs are members of the Karenni, a small ethnic minority group from Burma, and do not speak English.

discovery deadlines. On this record, the superior court did not unreasonably exercise its discretion when it dismissed Plaintiffs' complaint for failure to prosecute.[5]

## CONCLUSION

¶12 For the foregoing reasons, we affirm the superior court's dismissal under Rule 41(b). We award costs to Defendants upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[5] Because we may affirm if a dismissal was correct for any reason, *see Picaso v. Tucson Unified School District*, 217 Ariz. 178, 181, ¶ 9 (2007), we do not address Plaintiffs' argument that Defendants failed to show they were prejudiced by delay, *see Cooper*, 6 Ariz. App. at 469 (dismissal for failure to prosecute is proper only if plaintiff has abandoned his case or caused delay which prejudiced defendant).