J. Leland ANDERSON, Petitioner,

v.

J. Frank McLAUGHLIN, United States District Judge for the District of Hawaii, Respondent.
Undocketed.

United States Court of Appeals
Ninth Circuit.

Feb. 18, 1959.

Ivan E. Lawrence, Northridge, Cal., for appellant.

Smith, Wild, Beebe & Cades, William B. Borthwick, Honolulu, Hawaii, for appellee.

Before DENMAN, BONE and ORR, Senior Circuit Judges.

DENMAN, Senior Circuit Judge.

Anderson seeks a writ of mandamus requiring the District Court for the District of Hawaii to postpone trial of Rolph v. Anderson and Girton v. Anderson, now pending in that court, until our final disposition of his appeal in Knox v. Anderson. Anderson urges that the District Court's refusal to delay trial of these cases constitutes a gross abuse of discretion. He contends that the District Court found him liable in Knox v. Anderson under a theory of tortious misrepresentation which was without precedent in the common law, that the suits by Rolph and Girton are based upon the same novel theory of liability and that should we reverse the District Court in the Anderson case, dismissal of the Rolph and Girton suits would likewise be compelled. He urges that it would be a serious hardship upon him to defend the latter suits at the present time and that his efforts would be wasted in the event that our favorable decision in his Knox appeal should result in dismissal of those suits.

Anderson alleges that prior to filing this petition he moved in the lower court for postponement of the two pending cases until the Knox appeal should have been decided. Subsequent to the filing of this petition, Judge McLaughlin removed the two cases from calendar, "subject to a motion to re-set by either party, subsequent to Court of Appeals disposition of presently pending preliminary motion to dismiss appeal and grant further time to file record in [Knox v. Anderson]". Since this somewhat ambiguous removal is not clearly the postponement Anderson was seeking and the failure to grant which he herein urges was a gross abuse of discretion, we cannot regard Judge McLaughlin's action as rendering Anderson's petition moot.

Our authority to issue mandamus is conferred by 28 U.S.C. § 1651:

"(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

This authority "is not confined to the issuance of writs in aid of a jurisdiction already acquired by appeal but extends to those cases which are within [our] appellate jurisdiction although no appeal has yet been perfected." Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 25, 63 S.Ct. 938, 941, 87 L.Ed. 1185.

However, the extraordinary writs should be issued only under unique and compelling circumstances.

"The traditional use of such writs both at common law and in the fed-

eral courts has been, in appropriate cases, to confine inferior courts to the exercise of their prescribed jurisdiction or to compel them to exercise their authority when it is their duty to do so. In re Chetwood, 165 U.S. 443, 462, 17 S.Ct. 385, 392, 41 L.Ed. 782 (citing Tidd's Prac. *398, and Bac. Ab., Certiorari); Whitney v. Dick, supra, 202 U.S. [132] 139–140, 26 S.Ct. [584] 587, 50 L.Ed. 963; Ex parte [Republic of] Peru, supra, 318 U.S. [578] 583, 63 S.Ct. [793], 796, 87 L.Ed. 1014, and cases cited. It is evident that hardship is imposed on parties who are compelled to await the correction of an alleged error at an interlocutory stage by an appeal from a final judgment. But such hardship does not necessarily justify resort to certiorari or other of the extraordinary writs as a means of review. * * * The writs may not be used as a substitute for an authorized appeal; and where, as here, the statutory scheme permits appellate review of interlocutory orders only on appeal from the final judgment, review by certiorari or other extraordinary writ is not permissible in the face of the plain indication of the legislative purpose to avoid piecemeal reviews." [1] United States Alkali Export Ass'n v. United States, 325 U.S. 196, 202, 65 S.Ct. 1120, 1124, 89 L.Ed. 1554.

The instant petition fails to disclose circumstances which would compel exercise of our supervisory power of mandamus. The decisions of the District Court in calendaring the Rolph and Girton cases for trial seem clearly the type of interlocutory rulings which should not be reviewed by this Court merely because the petitioner might incur unnec-

essary hardship if he is forced to trial at the present time. Whether postponement might not work greater hardship on Rolph and Girton than would immediate trial on Anderson, whether the facts of the untried cases will indeed require application of the same novel theory allegedly invoked in Knox, and even whether the chances of reversal in Knox on a ground which would affect the outcome of the suits by Rolph and Girton are substantial enough to warrant delay, are the considerations which must underly any decision as to the proper time for trying these cases. These considerations can best be weighed and resolved by the District Court. We feel, in short, that the Congressional policy against piecemeal appeals except by prescribed procedures dictates that one decision on Anderson's request for delay must suffice.

The petition for mandamus is denied.

---

1. 28 U.S.C. § 1292(b), enacted September 2, 1958, providing for immediate appeals from certain interlocutory orders which, in the opinion of the district judge, involve "a controlling question of law as to which there is substantial ground for difference of opinion," when such appeal "may materially advance the ultimate termination of the litigation," has modified but not abrogated this statutory scheme. It seems significant that § 1292(b) requires that a preliminary determination as to the utility of immediate review be made by the district judge.