439 P.2d 302

**Judith ABBEY and Thomas F. Saarinen, Petitioners,**

v.

**The CITY COURT OF the CITY OF TUCSON, PIMA COUNTY, Arizona, Respondent.**

**No. 2 CA–CIV 551.**

Court of Appeals of Arizona.

Division 2.

April 3, 1968.

O'Dowd & O'Dowd, by Erik M. O'Dowd, Tucson, for petitioners.

Joseph A. Lovallo, Tucson, for respondent.

MOLLOY, Judge.

This petition for writ of prohibition arises out of criminal complaints filed in the City Court of the City of Tucson which attempt to allege a violation of the misdemeanor statute, A.R.S. § 13–633, pertaining to unlawful assembly.

The complaints alleged:

"* * * did commit a misdemeanor as follows: to wit:

"that the above named defendant [name of the defendant] did on or about December 4, 1967 assemble together with two (2) or more persons in the vicinity of 110 S. Scott Ave. in the City of Tucson, County of Pima, State of Arizona, for purposes of participating in a lawful act which after it had been commenced did then become violent, boisterous or tumultuous in manner, and did thereby become an unlawful assembly, all of which is contrary to the laws of the State of Arizona and the City of Tucson according to Arizona Revised Statutes 13–633."

A.R.S. § 13–633 reads as follows:

"A. When two or more persons assemble together to do an unlawful act and separate without doing or advancing toward it, or do a lawful act in a violent, boisterous or tumultuous manner, such assembly is an unlawful assembly.

"B. A person who participates in an unlawful assembly is guilty of a misdemeanor."

The verbiage selected in these complaints appears to carefully avoid stating that the defendants participated in the "lawful act" after "it" had "become an unlawful assembly."

 Our unlawful assembly statute is patently adopted from California, where the wording of this statute appears to have originated in an 1850 legislative act. See "Derivation" note after §§ 407 and 408 of West's Annotated California Penal Code. It has been held in California that, under the second alternative of this statute, a per-

son may be guilty of unlawful assembly without the specific intent to do an act in a violent, boisterous or tumultuous manner. People v. Kerrick, 86 Cal.App. 542, 261 P. 756 (1927). But we see nothing in this holding which would indicate that those who assemble for a lawful purpose become violators of this statute as soon as the assembly becomes an unlawful one. We believe the statute leaves outside of its pale those who disassociate themselves from any such assemblage as soon as it becomes an unlawful one. Cf. Bolin v. State, 193 Ind. 302, 139 N.E. 659, 663 (1923); and see Coverstone v. Davies, 38 Cal.2d 315, 316, 239 P. 2d 876, 878 (1952) (dictum). This possibility is not eliminated by the specifics charged in these complaints.

This court has held:

"The general law is well established that when certain facts are alleged to constitute an offense in an information or indictment and if such facts may all be true, and yet the accused can still be innocent of the crime intended to be charged, the information is fatally defective. State v. Anderson, 242 Or. 457, 410 P.2d 230 (1966); State v. Hughes, 212 Tenn. 644, 371 S.W.2d 445 (1963); 4 Wharton's Criminal Law and Procedure 1760 (Anderson 1957); 27 Am.Jur. Indictments and Informations § 54, at 621; 42 C.J.S. Indictments and Informations § 130, at 1022; and see State v. Casson, 223 Or. 421, 354 P.2d 815 (1960) (contributing case)."

State v. Cutshaw, 7 Ariz.App. 210, 437 P.2d 962 (1968).

We believe this law to be pertinent here and that these complaints are fatally defective. We hold that the denial of the motion to quash the subject complaints was an abuse of discretion. A rendition of this opinion shall constitute a peremptory writ prohibiting the city court from proceeding to try the defendants under the subject complaints in their present form.

HATHAWAY, C. J., and KRUCKER, J., concur.