440 P.2d 1000

James D. CROUCH, Appellant, ·

v.

The JUSTICE OF the PEACE COURT OF
the SIXTH PRECINCT, George T. Witten,
Justice of the Peace of the Sixth Precinct,
Yuma County, Arizona, Appellees.

No. 1 CA–CIV 737.

Court of Appeals of Arizona.

May 20, 1968.

Rehearing Denied June 14, 1968.

Richards & Heilman, by Jeff Richards, Yuma, for appellant.

David S. Ellsworth, Yuma County Atty., by Paul E. Hunter, Jr., Deputy County Atty., for appellees.

STEVENS, Judge

This case comes before us on an appeal from the denial of a writ of prohibition by the Superior Court for Yuma County.

James D. Crouch, appellant, was charged under A.R.S. § 28-692 with the offense of operating a motor vehicle while under the influence of intoxicating liquor. The charge was filed in the Justice Court of the Sixth Precinct, Yuma County. The appellant entered a plea of not guilty and was tried before a jury. The trial was held in the courtroom of the Justice Court Building in Wellton, Arizona, with the Honorable George T. Witten, appellee herein, Justice of the Peace of the Sixth Precinct, Yuma County, Arizona, presiding.

## JURISDICTION

During the preparation of this opinion, the opinion rendered by Division Two of this Court in the case of Abbey et al. v. City Court of City of Tucson, 7 Ariz. App. 330, 439 P.2d 302, decided 3 April 1968, has come to our attention. In Abbey, the Court of Appeals reviewed the action of a city court by an extraordinary writ. In the case now under consideration, the action of a Justice Court was reviewed by the Superior Court and an appeal was taken from the decision of the Superior Court. In Abbey we find no discussion of the potential question of the jurisdiction of the Court of Appeals and we assume that the issue was not presented by counsel or raised by the Court on its own motion. It is well established in Arizona that courts exercising appellate jurisdiction may, on their own motion, raise the issue of jurisdiction. The Judges of Division One of the Court of Appeals entertain serious doubts as to the jurisdiction of the Court of Appeals to consider extraordinary writs save and except in relation to the judicial acts of Judges of the Superior Court, being judicial acts in a pending Superior Court action wherein the case is appealable to the Court of Appeals. There may be some judicial acts which are ministerial in nature and may be the subject of mandamus. The exception to this limitation of authority is the statutory grant of authority to issue writs of certiorari with reference to the Industrial Commission. Entertaining these doubts, we have undertaken a review of our authority and in this review we must give consideration to the extraordinary writ jurisdiction of the Arizona Supreme Court and of the Superior Court.

The Judicial Article of the Arizona Constitution is Article VI which was amended in the year 1960. Section 5 of Article VI, A.R.S. states, in part:

"Section 5. The Supreme Court shall have:

"1. Original jurisdiction of habeas corpus, and quo warranto, mandamus, injunction and other extraordinary writs to state officers.

\*    \*    \*    \*    \*    \*

"3. Appellate jurisdiction in all actions and proceedings except civil and criminal actions originating in courts not of record, unless the action involves the validity of a tax, impost, assessment, toll, statute or municipal ordinance.

"4. Power to issue injunctions and writs of mandamus, review, prohibition, habeas corpus, certiorari, and all other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction.

\*    \*    \*    \*    \*    \*

"6. Such other jurisdiction as may be provided by law."

Section 14 of the Judicial Article states, in part:

"The superior court shall have original jurisdiction of:·

\*    \*    \*    \*    \*    \*

"11. Special cases and proceedings not otherwise provided for, and such other jurisdiction as may be provided by law."

Section 16 is as follows:

"The superior court shall have appellate jurisdiction in cases arising in justice and other courts inferior to the superior court as may be provided by law."

Section 18 is as follows:

"The superior court or any judge thereof may issue writs of mandamus, quo warranto, review, certiorari, prohibition, and writs of habeas corpus on petition by or on behalf of a person held in actual custody within the county. Injunctions, attachments, and writs of prohibition and habeas corpus may be issued and served on legal holidays and non-judicial days."

A.R.S. § 12–2001, is as follows:

"Granting of writ

"The writ of certiorari may be granted by the supreme and superior courts or by any judge thereof, in all cases when an inferior tribunal, board or officer, exercising judicial functions, has exceeded its jurisdiction and there is no appeal, nor, in the judgment of the court, a plain, speedy and adequate remedy."

A.R.S. § 12–2021, relating to writs of mandamus, vests jurisdiction in the Supreme Court and in the Superior Court, a jurisdiction which is not related to the appellate jurisdiction exercised by either court.

Section 1 of the Judicial Article authorizes the creation of intermediate appellate courts and Section 9 of said Article is as follows:

"The jurisdiction, powers, duties and composition of any intermediate appellate court shall be as provided by law."

Pursuant to this constitutional authority, the Court of Appeals ·was created by a 1964 Legislative Enactment, the Court coming into effective being on the first Monday of January 1965. Contained within the act creating the Court of Appeals we find § 12–120.21 which provides, in part:

"A. The court of appeals shall have:

\*    \*    \*    \*    \*    \*

"2. Appellate jurisdiction in all actions and proceedings originating in or permitted by law to be appealed from the superior court, except criminal actions involving crimes punishable by death or life imprisonment.

\*    \*    \*    \*    \*    \*

"4. Jurisdiction to issue injunctions, writs of mandamus, review, prohibition, habeas corpus, certiorari and other writs necessary and proper to the complete exercise of its appellate jurisdiction."

It will be noted that this statutory section contains no counterpart to Subsection 1 of Section 5 of the Judicial Article. It will be noted that Subsection 4 of the statutory

section is similar to Subsection 4 of Section 5 of the Judicial Article omitting, however, the right of the Court of Appeals to exercise "revisory" jurisdiction.

The antecedents of A.R.S. § 12–2001 are § 4391 of the Revised Code of Arizona, 1928, and § 28–101 of the Arizona Code Annotated 1939. Pursuant to this statutory authority, the Arizona Supreme Court has reviewed the action of the Justices of the Peace and the action of Superior Court Judges sitting as Magistrates, even in the absence of a right of appeal to the Supreme Court. Illustrative cases are Kinnison v. Superior Court, 46 Ariz. 133, 46 P.2d 1087 (1935); Duncan v. Truman, 74 Ariz. 328, 248 P.2d 879 (1952); Vazzano v. Superior Court, 74 Ariz. 369, 249 P.2d 837 (1952) and State ex rel. Mahoney v. Stevens, 79 Ariz. 298, 288 P.2d 1077 (1955). There have been a number of cases written by the Court of Appeals in relation to jurisdictional problems which arise out of procedural inadequacies and these need not be discussed in this opinion. The Court of Appeals has rendered opinions in relation to its jurisdiction to entertain the subject matter of proposed appeals. Illustrative of these decisions are, State v. Mileham, 1 Ariz.App. 67, 399 P.2d 688 (1965); State v. Sheppard, 2 Ariz.App. 242, 407 P.2d 783 (1965) and State v. Nixon, 4 Ariz.App. 407, 420 P.2d 979 (1966). In Mileham and Nixon, the Court of Appeals held that it was without jurisdiction, the same not having been granted by statute, and in both instances the cases were transferred to the Arizona Supreme Court as authorized by A.R.S. § 12–120.22. Thereafter the Supreme Court rendered its opinion on the merits. In Mileham, the Supreme Court opinion is reported in 100 Ariz. 402, 415 P.2d 104 (1966). In Nixon the Supreme Court opinion is reported in 102 Ariz. 20, 423 P.2d 718 (1967).

The Supreme Court had occasion to consider the question of the jurisdiction of the Court of Appeals in State v. Court of Appeals, 101 Ariz. 166, 416 P.2d 599 (1966).

A criminal misdemeanor which is tried on its merits in the Justice Court or in a City Court may be appealed to the Superior Court. The decision of the Superior Court is final and there is no further right of appeal. Therefore, in our opinion, the Court of Appeals cannot entertain an extraordinary writ in relation to the judicial act of a Judge of the Superior Court presiding in the appeal from a City Court or a Justice Court in that should the Court of Appeals attempt to take such action, it would not be acting in relation to a matter "proper to the complete exercise of its appellate jurisdiction". See A.R.S. § 12–120.21 hereinbefore quoted.

In candor we must note our opinion in Erdman v. Superior Court, 6 Ariz.App. 3, 429 P.2d 495 (1967) wherein Division One of the Court of Appeals undertook to review the action of a Superior Court in relation to a matter which was not appealable to the Court of Appeals. We recognize that our decision in Erdman was vacated by the Arizona Supreme Court on review in a case reported in 102 Ariz. 524, 433 P.2d 972 (1967). The opinion of the Court of Appeals and the opinion of the Supreme Court does not discuss the question of jurisdiction.

There are cases in other jurisdictions which support the view that extraordinary writs may be used only in aid of appellate jurisdiction. See for example: State ex rel. Buis v. Hendricks Superior Court, 246 Ind. 1, 201 N.E.2d 697 (1964); City of Dallas v. Brown, 362 S.W.2d 372 (Tex.Civ.App., 1962); and Anderson v. McLaughlin, 263 F.2d 723 (9 Cir.1959). In the case now under consideration, the action of the Justice of the Peace was questioned in an original action filed in the Superior Court pursuant to A.R.S. § 12–

**464**

2001 and we now have under consideration an appeal from the action of the Superior Court. We have jurisdiction pursuant to A.R.S. § 12–120.21, subsec. A, par. 2 being "appellate jurisdiction in all actions and proceedings originating in or permitted by law to be appealed from the superior court * * *", as well as A.R.S. § 12–2101, subsection B which authorizes an appeal "From a final judgment entered in an action or special proceeding commenced in a superior court * * *."

## THE CASE IN ISSUE

During the Justice Court trial, the appellee overruled defense objections to a portion of the State's evidence. At the close of the case and prior to the jury retiring to consider the verdict, over the objections of the appellant's counsel, the jury was instructed as to the law by the presiding Justice of the Peace. The jury returned a verdict of guilty. Prior to sentence being passed, the appellant sought a writ of prohibition against Justice of the Peace Witten in the Superior Court for the County of Yuma. The writ of prohibition was denied by the Superior Court, and this appeal follows.

Judge Witten was not at the time of trial nor is he now admitted to practice law in any jurisdiction.

The appellant raises the issue as to whether he was denied due process of law as guaranteed by Article 2, Section 4 of the Constitution of the State of Arizona and the 14th Amendment to the Constitution of the United States when his innocence or guilt was determined by a jury which had been instructed as to the law by a Justice of the Peace who was not admitted to the practice of law.

Before determining the Constitutional issue raised, we must decide whether a Justice of the Peace in the State of Arizona has the power to instruct the jury as to the law in a criminal proceeding.

A.R.S. § 22–211 relating to procedure and practice of Justices of the Peace in civil proceedings provides specifically that a Justice of the Peace shall not charge the jury. This specific language is not found in the statute relating to criminal proceedings before Justices of the Peace. The only reference we find to charging the jury in a criminal proceeding before a Justice of the Peace is A.R.S. § 22–323. This section provides:

"Trial before jury; charging jury on facts prohibited.

"A. After the jury is sworn, it shall hear the proceedings which shall be in public and in the presence of defendant.

"B. The court shall decide all questions of law which arise in the course of the trial, but shall not charge the jury with respect to matters of fact."

In the Arizona Manual for Justice Courts, page 39, Section 62, we find the following statement:

"In a jury trial, the court determines all questions of law and the jury decides all issues of fact, and it is improper for the court to comment to the jury upon the evidence (A.R.S. § 22–323). Also, it is clear that the justice court is prohibited from instructing the jury in civil cases (A.R.S. § 22–211). The purpose of instructions is to advise the jury of the applicable law. Unfortunately, the right of the justice of the peace to instruct the jury in criminal cases is in doubt. Some justices instruct such juries, others do not. At times counsel in their argument have read the law to the jury; however, this practice often results in conflict and confusion. Usually the jury would be assisted if the justice read to them certain

uniform instructions covering the statutory definition of the offense charged, the presumption of innocence of the defendant until proven guilty beyond a reasonable doubt and a definition of reasonable doubt. In view of the lack of express statutory authorization, it is suggested that the justice first obtain approval from the parties or their attorneys before instructing the jury in criminal cases."

We agree with this comment insofar as there is no specific provision in the statutes relating to criminal proceedings before Justices of the Peace which provides that a Justice of the Peace shall charge the jury on questions of law. However, the provisions of A.R.S. § 22–313 cannot be overlooked. This section provides:

"The rules of criminal procedure for the superior court, including the provisions regarding bail, issuance of subpoenas and punishment for disobedience thereof shall apply to justice of the peace courts so far as applicable and when not otherwise prescribed."

Rule 273, Rules of Criminal Procedure, 17 A.R.S., provides as follows:

"All questions of law shall be decided by the court and all questions of fact by the jury, except as provided in rule 173. The jurors shall apply to the facts the law as given to them by the court."

We hold that in a criminal proceeding, a Justice of the Peace has the power to instruct the jury as to questions of law. If it had been the intent of the Legislature to prevent Justices of the Peace from instructing as to the law in criminal proceedings, we believe that this intent would have been specifically set forth in the statutory provisions as was done in the case of civil proceedings.

■ We must determine whether it is a violation of due process of law for a Justice of the Peace, who is not an attorney at law, to instruct the jury as to matters of law in a criminal proceeding. The Constitution of Arizona, Article 6, Section 22, provides:

"Judges of the Superior Court, intermediate appellate courts or courts inferior to the superior court having jurisdiction in civil cases of five hundred dollars or more, exclusive of interests and costs, established by law under the provisions of section 1 of this article, shall be at least thirty years of age, of good moral character, and admitted to the practice of law in and a resident of the state for five years next preceding their taking office."

A.R.S. § 22–201 permits Justices of the Peace to exercise civil jurisdiction in amounts "less than five hundred dollars". The foregoing section of the Constitution does not require that a Justice of the Peace be admitted to the practice of law under the present Justice Court jurisdiction in Arizona. Nor do we find any other constitutional or statutory provision which requires a Justice of the Peace to be an attorney. The Arizona Constitution, Article 6, Section 32, specifically provides that Justice Courts shall have criminal jurisdiction, limited to misdemeanors. Thus, we find it to be the clearly expressed intent of our Legislature that a Justice of the Peace is not required to be an attorney; that a Justice Court has jurisdiction in criminal misdemeanor matters; and that a Justice of the Peace has the power to instruct a jury as to the law in a criminal misdemeanor proceeding. In our opinion this does not deny a criminal misdemeanant due process of law in a jury trial held before a Justice of the Peace.

■ There is probably no more nebulous and indefinable concept in the law

than "due process of law". Generally speaking, the denial of due process is a denial of "fundamental fairness, shocking to the universal sense of justice". Kinsella v. United States ex rel. Singleton, 361 U.S. 234, 80 S.Ct. 297, 4 L.Ed.2d 268 (1960). Speaking of due process of law, our United States Supreme Court has said that a state is free to "regulate the procedure of its courts in accordance with its own conception of policy and fairness unless in so doing it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental. * * * Its procedure does not run foul of the Fourteenth Amendment because another method may seem to our thinking to be fairer or wiser or to give a surer promise of protection to the prisoner at the bar." Snyder v. Commonwealth of Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934).

■ We do not find that allowing a Justice of the Peace to instruct a jury as to the law in a criminal misdemeanor case is a denial of "fundamental fairness, shocking to the universal sense of justice" nor do we find that it "offends some principle of justice so rooted in the tradition and conscience of our people as to be ranked as fundamental." The fact that a Justice of the Peace is not an attorney does not mean that he is per se unqualified to declare the law in the limited type of situations over which he has jurisdiction. The fact that a judicial error may be made in a proceeding does not necessarily imply a denial of due process of law. The 14th Amendment to the United States Constitution does not assure immunity from judicial error. Beck v. Washington, 369 U.S. 541, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962).

We hold that the record presented to this Court on appeal does not indicate a lack of due process of law and that the order of the trial court shall be affirmed.

DONOFRIO, Acting C. J., and D. L. GREER, Judge of the Superior Court, concur.

NOTE: Chief Judge JAMES DUKE CAMERON having requested that he be relieved from the consideration of this matter, D. L. GREER, Judge of the Superior Court was called to sit in his stead and participate in the determination of this cause.