547 P.2d 553

Lena TSIOSDIA and Lawrence Long, Jerome Tracey, Petitioners-Appellants,

v.

The Hon. Lidio RAINALDI and the Police Magistrate Court In and For the Municipality of Gallup, Respondents-Appellees;

The CITY OF GALLUP and the State of New Mexico, Real Parties in Interest.

No. 10456.

Supreme Court of New Mexico.

March 23, 1976.

Michael Celestre, Alan R. Taradash, Window Rock, Ariz., for appellants.

James L. Parmelee, Jr., Gallup, for appellees.

Toney Anaya, Atty. Gen., Warren O. F. Harris, F. Scott MacGillivray, Asst. Attys. Gen., Sutin, Thayer & Browne, Richard L. C. Virtue, Santa Fe, for amici curiae.

## OPINION

SOSA, Justice.

We are confronted here with the question whether allowing non-attorney police court judges to preside over criminal cases arising from violations of municipal ordinances which are punishable by incarceration violates rights guaranteed by the state and federal constitutions to the defendants in these proceedings. We have decided that this practice does not violate the constitutional rights of such defendants.

Applicants-appellants Tsiosdia, Long and Tracey were charged with violating Gallup's municipal code § 6–1–18 and § 6–1–57B (disorderly conduct, resisting arrest), § 6–1–18 (disorderly conduct), and § 6–1–6, –7 and –18 (assault, battery, disorderly conduct) respectively. On October 11, 1974, applicants moved to disqualify respondent Rainaldi from hearing their cases in police court on the grounds, inter alia, that a non-attorney police court judge is not constitutionally qualified to hear their criminal cases. On October 17, 1974, applicants were notified that their motions to disqualify Rainaldi and all non-attorney judges from hearing their cases had been denied. The applicants sought and the district court issued, after a hearing, an alternative writ of prohibition prohibiting Judge Rainaldi from hearing the cases. On February 20, 1975, the district court heard arguments and entered its order discharging the writ. Applicants filed a motion to alter and to amend the judgment to specify the court's findings of fact and conclusions of law. On March 12, 1975, the district court specified its findings of fact and conclusions of law, from which applicants appealed to this court, pursuant to § 21–10–2 N.M.S.A.1953 and § 16–7–14 N.M.S.A.1953 (Supp.1975).[1] Applicants assert three constitutional bases for requiring that police court judges (or municipal court judges) be attorneys: (1) the due process clause of the fourteenth amendment to the U.S. Constitution, (2) the equal protection clause of the fourteenth amendment to the U.S. Constitution, and (3) the state equal protection clause, N.M. Const. art. II, § 18.

## DUE PROCESS

When analyzed with respect to the tribunal hearing a case, due process gener-

---

1. The appellate jurisdiction of the Supreme Court extends to all cases where appellate jurisdiction is not specifically vested by law in the Court of Appeals. § 16–7–14 N.M.S.A. 1953 (Supp.1975). Plaintiff's appeal does not fall within the ambit of § 16–7–8 N.M.S.A. 1953, nor does any other statute provide the Court of Appeals with jurisdiction.

ally only requires that the tribunal be fair and impartial. *In re Murchison*, 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed. 942 (1955). In the case before us two possible arguments could be advanced with respect to present concepts of due process: (1) Judge Rainaldi is unfair or not impartial, and (2) all non-attorney judges, including Judge Rainaldi, inherently cannot be fair and impartial.

Appellants do not even attempt to advance the first argument. Appellants rely on the fairness requirement of due process; impartiality is not in dispute. Their argument appears to have been derived from *Gordon v. Justice Court for Yuba J. D. of Sutter Cty.*, infra n. 5. In that case the California Supreme Court determined that a non-attorney judge has insufficient education to deal with the many difficult legal issues arising in criminal cases, and this lack of education is or could be detrimental to the rights of any criminal defendant. That court held that, although it is not impossible to get a fair trial with a non-attorney judge, the likelihood of getting one is substantially diminished as a matter of law. Therefore that court concluded a criminal trial before a non-attorney judge violated due process.

■■■■ We do not agree with this interpretation of fairness. Implicit in this interpretation is that the judge is the guardian of the rights of the defendant. However, our legal system is primarily of an adver-

sary nature, and the guardianship of the defendant's rights lies chiefly with his attorney, not the judge.[2] Rights not asserted by the defendant's attorney generally are waived. Furthermore, it is not the function of the judge to second guess the tactics or strategies of the defendant's attorney at each step of the defense of an accused. The judge's major function is to determine which of two espoused viewpoints—the attorney's or the prosecutor's—is applicable to the facts of the case before him. An unbiased and reasonably intelligent person should be able to choose fairly between such espoused viewpoints. Fairness in this context is not critically dependent upon the judge being a member of the bar; a judge must have wisdom and common sense which are at least as dependable as an education[3] in guaranteeing the defendant a fair trial. As with district court judges, as a last resort the appellate process is able to correct the mistakes of law of a municipal court judge. We therefore hold that fairness is not so inextricably tied to the education of an attorney that without such an education a municipal court judge cannot be fair. We also find the arguments and historical analysis found in *Ditty v. Hampton*, infra n. 4, most persuasive. The continuing development of the concept of due process by the U.S. Supreme Court has not yet mandated minimum education qualifications for municipal judges.[4] See *Colten v. Kentucky,*

2. The U.S. Supreme Court has assigned several functions to the trial court with respect to criminal cases, even though the defendant may have an attorney who already performed such function. In *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) the Supreme Court held that the trial court must determine whether the accused has a full understanding of what the plea of guilty connotes and of its consequences. Cf. *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). In *Carnley v. Cochran*, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962) the Supreme Court held that with respect to the right of counsel, the record must show that the accused was offered counsel but intelligently and understandingly refused the offer. There has been no showing that non-attorney judges cannot

fairly perfrom these functions and that attorney judges can.

3. Although a municipality may require no more than a high school diploma as the minimum requirement for its municipal judge, or even less education, the legislature has not been unmindful of the fact that such judges need further training. Thus, § 37–1–10 N.M. S.A.1953 (Supp.1975) provides that "[e]ach municipal judge shall annually as a condition of discharging the duties of that office, successfully complete a judicial training program . . . ." Judge Rainaldi has completed over eleven such programs.

4. A recent Kentucky case raising these same issues has been appealed to the Supreme Court. *North v. Russell*, 516 S.W.2d 103 (Ky.1974); prob. juris. noted, 419 U.S. 1085,

407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972). We find no intrinsic reason for requiring attorney judges in municipal court criminal cases.[5] Thus, until the U.S. Supreme Court does impose minimum educational qualifications for judges in criminal cases where a jail sentence may be imposed, we approve of the present system allowing non-attorney municipal court judges.

## EQUAL PROTECTION

■■ Appellants assert that a statutory scheme, which allows defendants in Albuquerque and Las Cruces to be tried before an attorney judge but allows defendants in other New Mexico municipalities to be tried before non-attorney judges, denies them the equal protection of the law under the state and federal constitutions. The statute in question is the following:

> 37–1–3. Judges—Qualifications—Bond—Salary.—The qualifications of municipal judges, bond required and salary received shall be provided by ordinance of the municipality.

The legislature has delegated to the municipalities the authority to establish the qualifications of municipal court judges. The municipalities by ordinance have determined the qualifications of their judges, with the result that presently in all municipalities except Albuquerque and Las Cruces the municipal court judges are non-attorneys. This statute on its face is not discriminatory and does not present an equal protection problem. Unlike Kentucky's statutory scheme, supra n. 4, New Mexico's scheme does not establish classes of municipalities, some of which must have attorney judges and others which do not. Once a New Mexican municipality has determined the minimum educational and other qualifications for its municipal court judges, all defendants in that municipality are tried by judges that have met these qualifications. Thus, at the individual municipal court level there is equal treatment for all defendants with respect to the judges having satisfied the same qualifications.[6] Appellants assert, however, that this statute in its operation permits different treatment of defendants in different municipalities, and this is a form of denial of equal protection. Beyond merely asserting this argument, appellants have failed to show us that they are correct in concluding that an

---

95 S.Ct. 673, 42 L.Ed.2d 677, 43 U.S.L.W. 3674 (1975). However, the U.S. Supreme Court has previously dismissed a case raising these issues. *Ditty v. Hampton*, 490 S.W. 2d 772 (Ky.1973), appeal dismissed, 414 U.S. 885, 94 S.Ct. 219, 38 L.Ed.2d 133 (1973) (defendant died pending appeal). There the Kentucky Court of Appeals had held that there was no denial of due process and equal protection in using attorney judges in the first two classes of cities and non-attorney judges in the other classes of cities (or towns) to try criminal defendants threatened with possible incarceration.

5. Other state courts have dealt with these issues in various manners. In *Thomas v. Justice Court of Washakie County*, 538 P.2d 42 (Wyo.1975), the Wyoming Supreme Court held that the use of non-attorney judges at preliminary hearings did not deny the criminal defendants due process of law guaranteed under their state and the federal constitutions (manslaughter charge). In *Crouch v. Justice of Peace Court of Sixth Precinct*, 7 Ariz.App. 460, 440 P.2d 1000 (1968), the Arizona Court of Appeals held that allowing

a justice of the peace to instruct a jury as to the law in a criminal misdemeanor case (driving while intoxicated; punishment: fine and/or incarceration) was not a denial of due process. See also *In re Application of Hewitt*, 81 Misc.2d 202, 365 N.Y.S.2d 760 (1975) (driving while intoxicated; punishment: loss of driver's license). Contra, *Gordon v. Justice Court for Yuba J.D. of Sutter Cty.*, 12 Cal.2d 323, 115 Cal.Rptr. 632, 525 P.2d 72 (1974), cert. denied, 420 U.S. 938, 95 S.Ct. 1148, 43 L.Ed.2d 415 (1975) (no present case or controversy). There the California Supreme Court held that using non-attorney judges to preside over criminal trials of offenses punishable by a jail sentence was a denial of due process guaranteed by the fourteenth amendment to the U.S. Constitution. California does not have a trial de novo system.

6. We are unaware of any municipality that has an attorney and a non-attorney municipal court judge, although conceivably it could occur. In such a case if both judges have met the required minimum qualifications, there is no denial of equal protection.

**74**

equal protection problem arises when municipalities, pursuant to powers given to them by the legislature, enact different ordinances. Nor have we found any cases to substantiate their conclusion. Neither the state statute nor the Gallup ordinance sets up a classification giving different classes unequal treatment. To allow intermunicipality comparisons of their ordinances as a basis for an equal protection challenge in the absence of a specific constitutional or statutory prohibition or mandate is novel to us. If we were to allow an equal protection challenge to the power of the municipality to determine its judges' qualifications, logically it would open up to the same challenge all other ordinances which vary from municipality to municipality even though enacted pursuant to a municipality's police, tax, and other powers.

There is no claim that § 37–1–3, supra, is an unconstitutional delegation of legislative power.

The determination of the qualifications of the municipal court judge presently is of a legislative nature (at the municipal level). Each municipality may, if it so desires, increase the qualifications of its municipal court judge. Appellants should direct their efforts to that area.

In any event, in New Mexico there exists an ameliorative feature which grants appellants their prayer for relief. If appellants' primary concern is having an attorney judge, then after trial or upon a nolo contendere or a guilty plea they could seek an immediate trial de novo in district court before an attorney judge.[7]

7. Section 38–1–13 N.M.S.A.1953 provides that "[a]ll trials upon appeals by a defendant from the municipal court to the district court for violations of municipal ordinances shall be de novo . . . ." Thus, upon appeal to the district court these defendants will have an attorney judge. In *Colten v. Kentucky*, supra, the U.S. Supreme Court found no constitutional problems with the Kentucky trial de novo system, which is substantially the same as ours. However, in a case arising in Ohio, where a similar trial de novo system is utilized, the U.S. Supreme Court held in

Finally, the appellants argue that the trial court erred in finding that stipulation number 16 was in the nature of a conclusion of law and thus not binding on the trial court. That stipulation was the following: "Non-attorney judges are substantially less able to rule in accordance with established legal principles on issues of law and fact than are attorney judges." We agree with the trial court that this stipulation is in the nature of a conclusion of law, not binding on the trial court.

The trial court is affirmed.

STEPHENSON and MONTOYA, JJ., concur.

*Ward v. Village of Monroeville*, 409 U.S. 57, 93 S.Ct. 80, 34 L.Ed.2d 267 (1972), that impartiality must exist in both the lower court trial and in the de novo trial court. If two trials are afforded a defendant, then due process requires that fairness and impartiality exist at both trials, and unfairness or partiality at the first trial is not cured if the second, de novo trial is fair and impartial. However, in the case before us the appellants failed to show that Judge Rainaldi (or any non-attorney municipal court judge) was either partial or unfair.