This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CITY OF ARTESIA,**

    Plaintiff-Appellee,

v.                               **No. 31,622**

**HONDO BILLIPS,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler-Gray, District Judge**

Viola Rhodes
Artesia, NM

for Appellee

Hondo Billips
Artesia, NM

Pro se Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant appeals, pro se, from a district court order finding him guilty of violating the minimum financial responsibility act and failing to display a current valid registration plate. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. Not persuaded that our proposed disposition was incorrect, we affirm.

Defendant continues to allege that certain errors occurred in the municipal court proceedings. However, as we observed in our calendar notice, Defendant appealed [RP 1] his municipal court judgment [RP 3] to district court, where he received a de novo trial pursuant to Rule 7-703(J) NMRA. [RP 92] A trial de novo is a trial "anew," as if the original proceeding had not occurred. NMSA 1978, § 39-3-1 (1955); *see City of Farmington v. Sandoval*, 90 N.M. 246, 248, 561 P.2d 945, 947 (Ct. App. 1977) ("A trial de novo is a trial 'anew', as if no trial whatever had been had in the municipal court."). It follows that this Court, sitting in its appellate capacity, is limited to a review of the district court proceedings. We therefore do not consider any claims of error in the municipal court.

In his memorandum in opposition [MIO 2], Defendant cites *Tsiosdia v. Rainaldi*, 89 N.M. 70, 547 P.2d 553 (1976), for the proposition that he was entitled to due process and a fair hearing in both tribunals. Defendant correctly observes that *Tsiosdia* affirmed these basic principles. *Id.* at 74, n. 7, 547 P.2d at 557. However,

*Tsiosdia* involved the use of a writ of prohibition to directly challenge the lower court proceedings; the fact that the party could have instead pursued a de novo trial in district court did not preclude its challenge to the lower court proceeding. *Id.* at 71, 547 P.2d at 554. Here, if Defendant believed that his due process rights were being violated in the municipal court proceedings, he needed to have sought a direct challenge by invoking a higher court's power to issue a writ to correct the alleged error. Defendant did not directly challenge the municipal court by writ. Instead he chose the normal appellate route and received a new trial. We therefore conclude that he waived any other challenge to the municipal court proceeding.

For the reasons stated above, and those stated in our notice, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**J. MILES HANISEE, Judge**

3