This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MARNA TRAMMELL, as a citizen, an elector, taxpayer, and licensed attorney in and for the County of Curry, State of New Mexico,**

   **Petitioner-Appellant,**

  **vs.**           **No. 33,483**

**HONORABLE RICHARD L. HOLLIS, magistrate for Curry County, New Mexico, Division II; HONORABLE DUANE KINDRICK CASTLEBERRY, magistrate for Curry County, New Mexico, Division I,**

   **Respondents-Appellees.**

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Sarah M. Singleton, District Judge**

Eric D. Dixon
Portales, NM

for Appellant

Gary K. King, Attorney General

Nicholas M. Sydow, Assistant Attorney General
Santa Fe, NM

for Appellees.

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Petitioner Marna Trammell appeals a decision dismissing a portion of her complaint with prejudice for failure to state a claim upon which relief can be granted. In our notice of proposed summary disposition, we proposed to affirm. In response to this Court's notice, Trammell has filed a memorandum in opposition, which we have duly considered. As we do not find Trammell's arguments to be persuasive, we affirm.

{2}     Trammell contends that the district court erred in concluding that the statutory scheme providing that magistrates need not be attorneys in counties with a population of less than 200,000 violates due process. [DS 6] In this Court's notice of proposed summary disposition, we proposed to affirm because *Tsiosdia v. Rainaldi*, 1976-NMSC-011, ¶¶ 3-5, 89 N.M. 70, 547 P.2d 553, held that such a scheme is not violative of due process principles, and this Court is bound by the decisions of our Supreme Court. In Trammell's memorandum in opposition, she attempts to distinguish *Tsiosdia* on several grounds, none of which are persuasive.

**{3}** Trammell first makes an argument based on a non-precedential opinion from this Court in which we held that the defendant waived any claim of error with respect to his municipal court proceedings because he did not challenge those proceedings by writ, and instead chose to appeal and receive a trial de novo in the district court. [MIO 2] Trammell argues that, based on this decision, the statutory scheme deprives people who appear before the magistrate court of due process and a fair hearing. [MIO 2] However, we cannot see how a person is deprived of due process when he fails to challenge by writ claimed defects in a municipal court proceeding and who then receives a properly conducted trial de novo in a district court presided over by a judge who is a licensed attorney. Accordingly, we are not persuaded by this line of reasoning.

**{4}** Second, Trammell argues that *Tsiosdia* involved the question of whether non-attorney judges could preside over criminal cases arising from violations of municipal ordinances, whereas in the present case, the issue is whether non-attorney magistrates can properly preside over substantive issues of criminal and constitutional law. [MIO 2] This argument presents no meaningful distinction. Cases involving violations of municipal ordinances also involve substantive issues regarding the ordinances that the defendant is charged with violating, and also require non-attorney judges to deal with constitutional matters such as the right to counsel, the right to be free of unreasonable

searches and seizures, the privilege against self-incrimination, the right to confront the witnesses against a defendant, and other such constitutional protections.

{5} Trammell then argues that in *Tsiosdia*, the defendant did not raise the issue of whether the particular judge was fair and impartial, whereas here, Trammell asserts that Defendants Hollis and Castleberry "can[not] be fair and impartial because of their educational deficiencies." [MIO 2] This argument is frivolous. Trammell's assertion on appeal is not that these particular judges are biased against her; it is that *every* non-attorney judge lacks the education and training required to properly carry out his or her duties by virtue of the fact that he or she is not an attorney. This is precisely the argument that was rejected in *Tsiosdia*. There our Supreme Court stated that:

> The judge's major function is to determine which of two espoused viewpoints—the [defense] attorney's or the prosecutor's—is applicable to the facts of the case before him. An unbiased and reasonably intelligent person should be able to choose fairly between such espoused viewpoints. Fairness in this context is not critically dependent upon the judge being a member of the bar; a judge must have wisdom and common sense which are at least as dependable as an education in guaranteeing the defendant a fair trial. As with district court judges, as a last resort the appellate process is able to correct the mistakes of law of a municipal court judge.

*Id.* ¶ 5.

{6} Finally, Trammell asserts that the use of non-attorney magistrates violates due process because, unlike the non-attorney municipal judges who were the subject of the due process challenge in *Tsiosdia*, magistrate judges can sentence a defendant to up

4

to 364 days in jail, and they can find a person guilty of offenses such as DWIs and stalking that may be subsequently used to raise subsequent offenses to the level of a felony. [MIO 3-4] However, *Tsiosdia*'s holding did not depend on the sentencing authority of the municipal courts and was instead based on reasoning regarding a judge's proper role in the adversarial process, as well as the fact that parties have a right to appeal to a court that is presided over by a judge who is a licensed attorney in order to correct any errors of law. *See Tsiosdia*, 1976-NMSC-011, ¶¶ 3-5. In addition, we note that municipal judges also have jurisdiction to sentence a defendant to 364 days in jail if the defendant's conviction is for is driving while intoxicated, *see* NMSA 1978, § 3-17-1(C)(2) (1993), and so we do not believe that the differences between the sentencing authority of municipal and magistrate judges is significant enough for this Court to conclude that *Tsiosdia* does not apply. We therefore conclude that *Tsiosdia* controls our resolution of this appeal.

{7}     Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we affirm.

{8}     **IT IS SO ORDERED.**


_____
                                    **J. MILES HANISEE, Judge**

**WE CONCUR:**

5

_____
**RODERICK KENNEDY, Chief Judge**


_____
**M. MONICA ZAMORA, Judge**